**CUSTOM TEXTILES, INC., Appellant,**

v.

**CROWN SAMPLE BOOK COMPANY, a Division of Crown Associated Products, Inc., Appellees.**

No. 5047.

Court of Civil Appeals of Texas, Waco.

Oct. 14, 1971.

Rehearing Denied Nov. 18, 1971.

Goldberg, Alexander & Baker, G. Dennis Sullivan, Dallas, for appellant.

Ungerman, Hill, Ungerman & Angrist, Wm. Madden Hill, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Custom Textiles Inc. from a judgment dismissing its cause of action for lack of jurisdiction over the person of defendant Crown Sample Book Company, (and on the further ground of Forum Non Conveniens).

Plaintiff Custom, a corporation with residence and place of business in Dallas County, Texas, sued defendant Crown, a non-resident Pennsylvania Corporation in Dallas County, Texas, for damages for breach of a contract to prepare and deliver to plaintiff 1250 fabric sample books. Plaintiff obtained service of process on defendant pursuant to Article 2031b Vernon's Ann.Tex.Civ.St. Defendant made special appearance under Rule 120a Texas Rules of Civil Procedure for the purpose of objecting to the jurisdiction of the Texas court, and moved the court to dismiss the cause for lack of jurisdiction over the person of defendant.

Subject to its special appearance for the purpose of objecting to the jurisdiction, defendant filed motion to dismiss plaintiff's suit on the grounds of Forum Non Conveniens, asserting the controversy could be more conveniently resolved in the State of Pennsylvania.

Defendant offered the affidavit of its president Greenberg; and plaintiff offered the affidavit of its president Leibowitz. Thereafter the trial court dismissed plaintiff's suit "for lack of jurisdiction over the defendant and on the further ground of forum non conveniens".

Plaintiff appeals asserting:

1) The trial court erred in dismissing plaintiff's suit for lack of jurisdiction as there is no evidence to support the judgment; and such is against the great weight and preponderance of the evidence.

2) The trial court erred in sustaining defendant's motion on Forum Non Conveniens as there is no evidence to support the judgment, and such judgment is against the great weight and preponderance of the evidence.

The burden of proof on the motions to dismiss was on defendant.

All proof in this case was by affidavit, which were not objected to, and which we assume constituted evidence.

Defendant's President's affidavit states the suit is the result of a single isolated transaction between the parties; that he came from Pennsylvania to Texas in December 1969 to ascertain "the type of unique item Custom desired Crown to manufacture for Custom"; that he returned to Pennsylvania and after numerous telephone conversations with the president of plaintiff made the contract to manufacture the sample books; that defendant received some money from plaintiff and defendant delivered plaintiff in Texas approximately 900 sample books; that all actions pertaining to the transaction took place in Pennsylvania except for defendant's President's one trip to Texas in December 1969.

Plaintiff's President's affidavit states that in November 1969 defendant's President came to Texas to negotiate with plaintiff to manufacture sample books for plaintiff; that a verbal contract was made in Texas whereby defendant would make 1250 sample books for plaintiff for $30,500 and deliver same before March 15, 1970; that he talked many times with defendant's president on the telephone about the matter; that some 870 books were sent to plaintiff, but arrived late and the balance has never been received; that plaintiff has paid defendant a number of checks totalling some $10,000.

Article 2031b V.A.T.S., provides for service of process upon foreign corporations and non-residents under its provision if the defendant is "doing business in state" and defines such: "Sec. 4. For the purpose of this Act, * * * any foreign corporation * * * shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State * * *".

■ In personam jurisdiction over foreign corporation may be asserted by a state, assuming proper notice is given, if the foreign corporation had had certain minimum contacts with the State, International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199; 2 L.Ed.2d 223; O'Brien v. Lanpar Co., Tex., 399 S.W.2d 340.

■ It is undisputed from both affidavits that defendant's president came to Texas from Pennsylvania to talk about manufacturing sample books for plaintiff; that numerous telephone conversations took place between the two presidents; that a contract was entered into for defendant to manufacture sample books for plaintiffs; that some books were manufactured and delivered to plaintiff in Texas, and some money was paid from Texas by plaintiff to defendant.

The foregoing constitutes sufficient contact, ties and relations with Texas so as to make defendant subject to the jurisdiction of Texas courts. Uvalde Rock Asphalt Co. v. Consolidated Carpet Corp., CCA, NWH, 457 S.W.2d 649; Country Clubs Inc. v. Ward, CCA, NRE, 461 S.W.2d 651; O'Brien v. Lanpar, Tex., 399 S.W.2d 340.

The trial court's judgment dismissing plaintiff's suit for lack of jurisdiction is against the great weight and preponderance of the evidence; as is that portion of the judgment dismissing on Forum Non Conveniens. See Van Winkle-Hooker Co. v. Rice, CCA, NRE, 448 S.W.2d 824.

The judgment is reversed and the cause remanded.

Reversed and remanded.