**TABULATING SYSTEMS & SERVICE, INC.,**
**Appellant,**

v.

**I. O. A. DATA CORP et al.,**
**Appellees.**

**No. 745.**

Court of Civil Appeals of Texas,
Corpus Christi.

June 28, 1973.

Lorimer Brown, Harlingen, for appellant.

Phinney, Hallman & Pulley, Ralph W. Pulley, Dallas, for appellees.

## OPINION

NYE, Chief Justice.

Tabulating Systems & Service, Inc., (hereinafter called plaintiff) brought suit against I. O. A. Data Corp. (hereinafter called defendant) and four other companies in connection with the purchase of a computer system. The defendant appeared specially under Rule 120a to challenge the court's jurisdiction. A hearing was held to determine defendant's amenability to jurisdiction in the Texas courts. After the

hearing the trial court severed the cause of action against defendant and dismissed the same for want of jurisdiction.

On or about December 18, 1969, plaintiff entered into a contract with Information Processing Systems, Inc. (hereinafter called IPS) whereby the plaintiff agreed to buy and IPS agreed to sell and deliver to plaintiff at Harlingen, Texas, certain computer equipment. Plaintiff brought suit against IPS for breach of the contract of sale alleging that the equipment did not perform properly. The plaintiff also joined as defendants in its suit, International Business Machines Corporation for an alleged breach of its maintenance agreement covering the subject computer equipment, North American Van Lines (hereinafter called North American) for breach of its responsibility for the safe transportation of the equipment from New York and New Jersey to Harlingen, Texas, and Home Insurance Company of New York for its responsibility in insuring the subject computer equipment. Finally, the plaintiff sued defendant, a foreign corporation, who contested plaintiff's right to sue it in Texas.

Plaintiff alleged that defendant was engaged in business in Texas within the meaning of Article 2031b, Vernon's Ann. Civ.St. but had failed to maintain a place of business in Texas and failed to designate a registered agent upon whom service could be made. Plaintiff alleged that its cause of action against the defendant arose out of a contract to be performed in part in Texas involving the transportation of the computer equipment from New Jersey to Harlingen. It alleged that defendant was negligent in failing to properly protect the computer equipment while it was in storage and while it was being transported to its destination. The plaintiff did not allege that the cause of action asserted against the defendant arose from a purposeful act performed by the defendant in Texas or arose out of or was connected with any transaction consummated by the parties in this State. There were no spe-

cific allegations that the defendant committed any tort in whole or in part in Texas.

The record showed that at a time prior to the sale of the computer equipment by IPS to plaintiff, defendant owned the subject computer equipment. This equipment was stored at defendant's warehouse and was picked up by North American under transportation instructions from IPS, pursuant to its contract of sale with plaintiff. The record is silent as to the nature of the relationship between IPS and the defendant.

The trial court filed findings of fact and conclusions of law. Those that are relevant to this appeal are as follows:

(1) The plaintiff sued several corporations, including defendant, upon whom service was made under Article 2031b, V. A.C.S.;

(2) Defendant made a special appearance under Rule 120a, Texas Rules of Civil Procedure;

(3) That plaintiff's cause of action against defendant charges defendant with negligence in the transportation and storage of certain computer equipment;

(4) That the transportation and storage of the computer must have occurred in New York prior in time to the delivery of the computer to North American and that delivery to North American was completed in either New York or New Jersey;

(5) That the evidence showed that the tort complained of occurred in New York;

(6) That plaintiff did not enter into a contract to purchase the computer from defendant, but did enter into a contract to purchase the computer from IPS;

(7) That under the terms of the contract between plaintiff and IPS, as seller, IPS warranted to the plaintiff, as purchaser, that when the computer was tendered to the transportation carrier it would be eligi-

ble for a maintenance agreement from International Business Machines;

(8) That plaintiff would not have purchased the computer without that warranty;

(9) That under the terms of the contract between plaintiff and IPS, IPS had the responsibility for shipping the computer system;

(10) Although defendant is shown on the bill of lading as shipper, defendant was not a real party to the bill of lading and took no part in shipping the computer to Texas (this finding of fact is challenged by plaintiff.);

(11) Plaintiff did not enter into a contract with defendant and does not charge defendant with breach of contract.

The trial court also filed conclusions of law that: there is no basis for jurisdiction in the State of Texas, since the non-resident (defendant) committed no tort in this State and since the plaintiff was not a party to any contract with the non-resident (defendant) that was performable in this State; that plaintiff failed to allege a cause of action against defendant which confers jurisdiction; and that defendant had carried its burden of proof on its motion and is entitled to an order dismissing it from the case.

Plaintiff's first and second points of error complain of the trial court's ruling in that plaintiff claims that defendant's business activities in Texas were sufficient as a matter of law to constitute the doing of business in this State within the reach of Article 2031b, V.A.C.S., without violating due process. Appellant's third and fourth points of error are to the effect that plaintiff's acquisition of the defective computer equipment is a tort committed in part by defendant in Texas and that the bill of lading is a contract between defendant and plaintiff performable in part in Texas within the purview of Article 2031b.

Service may be made under Article 2031b, V.A.C.S. over non-residents who are "doing business" in Texas without a designated agent. Section 4 defines "doing business" as:

"For the purpose of this Act, and without including other acts that may constitute doing business, any foreign corporation, joint stock company, association, partnership, or non-resident natural person shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, or the committing of any tort in whole or in part in this State."

■ The non-resident is subject to the jurisdiction of the court after service has been accomplished unless he challenges his amenability by the use of the Special Appearance Rule 120a. When the non-resident defendant challenges the jurisdiction of the "forum state's court", due process must be satisfied. ". . . Due Process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Texas Supreme Court has interpreted these requirements of constitutional due process for jurisdiction over a non-resident in O'Brien v. Lanpar Company, 399 S.W.2d 340 (Tex.Sup.1966). The Court, quoting from the Supreme Court of Washington in Tyee Construction Co. v. Dulien Steel Products, Inc., 62 Wash.2d 106, 381 P.2d 245 (1963) stated that there are three factors which must coincide if jurisdiction is to be sustained. These are:

". . . (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some

transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

If the non-resident's contact with the forum state is sufficient quantitatively and qualitatively, then the court may proceed with him in the case. If not, the non-resident defendant must be dismissed. See Sun-X International Company, Inc. v. Witt, 413 S.W.2d 761 (Tex.Civ.App.—Texarkana 1967, n.r.e.); Custom Textiles, Inc. v. Crown Sample Book Company, 472 S.W.2d 848 (Tex.Civ.App.—Waco 1971, n.r.e.); National Truckers Service, Inc. v. Aero Systems, Inc., 480 S.W.2d 455 (Tex.Civ.App.—Fort Worth 1972, n.r.e.); see also Country Clubs, Inc. v. Ward, 461 S.W.2d 651 (Tex.Civ.App.—Dallas 1970, n.r.e.).

■ The evidence at the hearing showed that the defendant owned at least a part of the computer equipment and was attempting to sell it. It had advertised the computer in a national trade journal seeking a buyer. Some of the advertising reached into Texas through the trade journal's in-state subscribers. The defendant had contacted Associated Computer Services Equipment Corporation, a Texas company, to see if it could find a buyer for this equipment. The defendant made numerous phone calls to prospective purchasers, including one to the plaintiff. However, nothing came of this contact. The defendant sold some computer machinery on one occasion to a bank in Harlingen, Texas. However, the defendant never visited Texas. There was no evidence that the defendant entered into any negotiations with the plaintiff or that any agent or representative of the defendant ever came to Texas. There was no evidence that any transaction took place in Texas between the defendant and the plaintiff. The subject computer was sold to the plaintiff by a third party, IPS. When North American shipped the computer to Texas, it listed the defendant as a shipper. That was the extent of defendant's contact with the equipment and with the plaintiff. Plaintiff's petition does not allege a cause of action against defendant which relates to any of the foregoing contacts in Texas. Although we do not believe that the defendant's other activities in the forum state were sufficient by themselves to qualify as doing business in Texas, we do not have to reach this decision. We hold that there was no cause of action arising in Texas or purposeful act accomplished by defendant in Texas. O'Brien v. Lanpar Company, supra.

The only alleged cause of action sounding in tort had to have taken place in New York or New Jersey. It concerned defendant's duty, if any, to plaintiff respecting transportation and storage of part of the computer equipment in either New York or New Jersey. There is no allegation or proof that defendant's ownership arose or was related in any way with plaintiff's contract to buy the computer from IPS. Considering the plaintiff's pleadings and all of the evidence, there is nothing to show that the plaintiff purchased the computer equipment from defendant. On the other hand the evidence is undisputed that plaintiff actually purchased it from IPS under a written contract.

■ The plaintiff claims that the bill of lading creates a contract between defendant as shipper and the plaintiff as consignee, which would be performable in part in Texas. A bill of lading is both a receipt and a contract with respect to the transportation and delivery of specific goods to designated persons, subject to certain conditions. 13 C.J.S. Carriers § 123 (1939). However, a bill of lading does not

create a contract between the shipper and the consignee. "A bill of lading does not stand for or represent the contract between the buyer and the seller, but is a receipt given by the carrier for the goods, coupled with an agreement for their carriage according to the terms expressed in the bill." Hines v. Scott, 112 Tex. 506, 248 S.W. 663 (Tex.Comm.App., opinion adopted 1923). See Hauck v. Gulf C. & S. F. Ry. Co., 246 S.W.2d 913 Tex.Civ.App.—Dallas 1952, n.r.e.). We hold that the basic factors set out by the Texas Supreme Court in *O'Brien* do not coincide sufficiently with plaintiff's case for jurisdiction to attach to the defendant. O'Brien v. Lanpar Co., supra. Plaintiff's first through fourth points of error are overruled.

Plaintiff's fifth point of error attacks the trial court's finding that the defendant was not "a real party to the bill of lading contract and took no part in the transportation of subject computer system to Harlingen, Texas." Defendant, in replying to a request for admission propounded by the plaintiff, stated that it denied seeing the bill of lading and stated that its only contact with North American was to sign the bill in order to have a receipt and to turn the goods over to North American for shipment. This statement, combined with IPS' contractual obligation for shipping the equipment, was the apparent basis of the trial court's determination that defendant was not a real party to the bill of lading. The evidence, on the other hand, clearly shows that defendant was in fact the shipper, and as such, it was a real party to the bill of lading. A consignor is the person named in the bill from whom the goods have been received for shipment. Tex.Bus. & Comm.Code Ann., § 7.-102(a)(3), V.T.C.A., (1968). Even though the trial court was in error in finding that the defendant was not a party to the bill as shipper, it does not effect the jurisdiction of the subject defendant since no duty is incurred by holding that defendant is a party to the bill. The plaintiff contracted with IPS to purchase the computer equipment which is the subject matter of this lawsuit. Plaintiff authorized IPS, to engage a common carrier, North American, to transport the shipment to Harlingen, Texas, for which the plaintiff agreed to and did pay the freight charges. North American acted on instructions from IPS, and with the plaintiff under the contract of sale between them. There is no contractual relationship between the plaintiff and defendant which could give rise to a cause of action in Texas.

 Appellant's final point of error is that defendant has not met its burden of proof on its special appearance motion. The party specially appearing before the court must demonstrate that under the facts he does not fall within the state's jurisdictional statutes. We hold that the trial court's determination that defendant carried its burden must be sustained.

Judgment of the trial court is affirmed.