Charles B. OSTRANDER, Jr., Appellant,

v.

TEXAS COMMERCE
BANK–NORTHWEST,
N.A., Appellee.

No. 05–86–00469–CV.

Court of Appeals of Texas,
Dallas.

June 23, 1987.

Charles Warren Van Cleve, Arlington, Ross Gault, White Settlement, for appellant.

Brian J. Hurst, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

HOWELL, Justice.

Plaintiff-appellant, Charles B. Ostrander, Jr., acting as next friend of his incompetent father, Charles B. Ostrander, Sr., brought this action against defendant-appellee, Texas Commerce Bank–Northwest, N.A., as guardian of his father's estate. Plaintiff alleged that the defendant bank had breached its fiduciary duty of care in managing the estate's assets. The court subsequently dismissed plaintiff's suit with prejudice, reciting that plaintiff had failed to comply with (1) an order to amend his pleading in response to defendant's special exceptions and (2) an order to secure new counsel. Plaintiff appeals, alleging that the court abused its discretion in dismissing his suit with prejudice. We agree and, accordingly, reverse the trial court's order.

One of the principal problems of this case is the paucity of the record. We cannot fault the plaintiff in this respect because it appears that all material parts of the record have been brought forward. It also appears that the court simply failed to maintain a proper record of its orders or any notations thereon. In this respect, we note that defendant-appellee filed a designation of contents of the transcript and requested "copies of the court's notations on the file jacket and the docket sheet." The transcript includes none and we must assume that the court made no such notations. Neither are the orders underlying the dismissal order contained in the record. Presumably, defendant would have included in its designation a request that these instruments be placed in the record if they existed. We conclude that the trial court

failed to cause its orders to be reduced to writing and included in the minutes.

Plaintiff filed his original petition in the district court on November 26, 1984. On December 20, 1984, defendant answered with a general denial and two special exceptions. Although the record is silent on the point, it is clear that the case was transferred to the probate court on some subsequent date before November 1985.

On December 6, 1985, plaintiff's original attorney appeared before a notary and verified a motion for continuance, which recited that the case had been set for trial on December 12, 1985; that on November 26, 1985, the court had sustained defendant's special exceptions; and that the court had ordered plaintiff to replead by December 5, 1985. Plaintiff contended that he could not replead without obtaining the bank's records through discovery and asked that the case be continued so that plaintiff might develop the necessary information. There is no record of a hearing or a ruling on this motion, but it is clear that the court at least afforded the relief of vacating the December 12 trial date. Mysteriously, this pleading was not filed with the clerk until December 23, 1985.

On the same date, December 23, 1985, plaintiff's original attorney filed a motion to withdraw, reciting differences between himself and the client. A fiat attached to the motion and bearing the judge's signature stated that the motion would be heard on January 22, 1986.

On January 21, 1986, one day prior to the hearing date on the motion to withdraw, the trial court signed a dismissal order, the substantive parts thereof reading as follows:

Came on to be considered Defendant Texas Commerce Bank–Northwest's Motion to Dismiss based upon Plaintiff Charles Ostrander, Jr.'s failure to comply with the Court's Order granting Defendant's special exceptions entered on November 26, 1985, and for plaintiff's failure to comply with the Court's Order pertaining to Plaintiff's securing new counsel, entered on January 6, 1986, and the Court having concluded that Plain-

tiff's case should be dismissed, it is hereby

ORDERED that Plaintiff Charles Ostrander, Jr.'s claims herein are dismissed with prejudice, ....

Apparently, the motion to dismiss recited in the court's order was oral. Plaintiff contends that neither he nor his original attorney was given any notice or provided an opportunity to be heard prior to the dismissal. In the absence of any record to the contrary and considering the terms of the dismissal order, we conclude that plaintiff is correct in his contention. The dismissal order does not recite "Came on to be *heard*"; it says "Came on to be *considered*," a strong indicator of an *ex parte* proceeding.

On February 12, 1986, a new attorney for plaintiff filed two motions asking that the dismissal order be set aside. On February 17, 1986, the trial court held a hearing, which was reported, and denied relief. During that hearing, the court stated to plaintiff's original attorney, who was present, "I gave you two weeks, did I not, to relate to your clients [sic] to have new counsel before I would let you off?" and the original attorney conceded that this was correct. Plaintiff's new attorney stated that he was first consulted on January 18 and provided with a file pertaining to the case, but the file contained no relevant order other than the fiat for a January 22 hearing on the motion to withdraw. The new attorney emphasized that he had no knowledge of the order to replead and no knowledge of any order fixing a deadline within which plaintiff must secure new counsel. The new attorney asserted that he could and would replead immediately and be ready for trial on March 6, 1986. The court also indicated that plaintiff Ostrander had personally come before him on February 3 and that the court had given him an additional week to secure new counsel. Exactly when plaintiff was notified of the entry of the dismissal order is not shown. Obviously, he knew of its terms on February 12 when he filed motions to set it aside.

Adding to the confusion, we note that the defendant's answer containing the special exceptions forming a basis, at least in part, for the dismissal was not filed in the probate court until January 20, 1986, considerably after the court ruled on the special exceptions and only one day before entering the dismissal order. Apparently, this pleading had not been physically transferred from the district court to the probate court at the time it was ruled upon.

On appeal, plaintiff complains that the trial court (1) failed to provide him notice and opportunity for hearing before dismissing his claims with prejudice and (2) failed to provide an adequate written record of the orders with which his new counsel was required to comply, which failure, plaintiff urges, deprived him of due process of law. We agree.

A fundamental requirement of due process in any proceeding that is to be accorded finality is notice reasonably calculated to apprise all interested parties of the pendency of the proceeding together with an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). We hold that, under these facts, plaintiff was denied due process by the court's *ex parte* order, which resulted in the permanent deprivation of a forum to hear the merits of his claims. *See Armstrong v. Manzo*, 380 U.S. 545, 549–50, 85 S.Ct. 1187, 1190–91, 14 L.Ed.2d 62 (1965) (divorced natural father not notified until after judgment that a third person had secured adoption decree upon an allegation that natural father had failed to support his child). *Armstrong* was held to be controlling by the court of appeals in *Rotello v. State*, 666 S.W.2d 194 (Tex.App.—Houston [14th Dist.]), *rev'd*, 671 S.W.2d 507 (Tex.1984), where the trial court dismissed the plaintiffs' case for want of prosecution without notice or hear-

ing.[1] We further hold that the court below acted too hastily and precipitously, especially in light of its choice to apply the ultimate sanction of dismissal with prejudice.

Furthermore, the subsequent hearing on plaintiff's motions for reinstatement and for new trial did not cure the constitutional invalidity of the dismissal order. *Armstrong*, 380 U.S. at 551–52, 85 S.Ct. at 1191. After plaintiff breached the court's orders, if he did so, the defendant had the burden to prove the plaintiff's defaults, and to make a showing that dismissal was the proper remedy. *Cf. Custom Textiles, Inc. v. Crown Sample Book Co.*, 472 S.W.2d 848, 849 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.). Plaintiff was entitled to notice and an opportunity to be heard. *Cf. Rotello v. State*, 492 S.W.2d 347, 349 (Tex.Civ.App.—Houston [1st Dist.]), *writ ref'd n.r.e. per curiam*, 497 S.W.2d 290 (Tex.1973). Particularly in view of the court's failure to reduce its orders to writing or to make any notations concerning those orders, the opportunity for misunderstanding was great. Inasmuch as the court agreed to reset the trial until March 6 and granted plaintiff additional time to hire new counsel, there was ample opportunity for original counsel to misapprehend that additional time to replead had also been granted. Inasmuch as the court's orders were not reduced to writing, it is understandable that new counsel was not timely apprised thereof. We are perturbed by the fact that the trial court based its January 21 dismissal in part upon plaintiff's "failure to comply with the Court's order pertaining to Plaintiff's securing new counsel, ..." when, on February 3, the court gave plaintiff "an additional week" to secure counsel.

Had there been a hearing prior to the entry of the January 21 dismissal order, defendant would have been burdened to show that the harsh sanction of dismissal

---

1. *Rotello* had been pending in the trial court for thirteen years; it has been previously dismissed for want of prosecution and the dismissal had been reversed on appeal. The supreme court reversed the court of appeals' decision and reinstated the dismissal based on the plaintiffs' constructive notice of a local rule requiring all parties opposing the dismissal of cases more than two years old to appear and show cause at semi-annual hearings why their cases should not be dismissed. *Rotello*, 671 S.W.2d at 508. We have not been cited to any such rule that might affect the present case.

was warranted. *Cf. Custom Textiles, Inc.*, 472 S.W.2d at 849. However, from the record of the hearing on plaintiff's motions to set aside the dismissal, it is clear that the court conducted the hearing on the assumption that the plaintiff was burdened to show an excuse for his failure to comply with the court's unwritten orders. The burden was miscast; under such circumstances, dismissal, particularly dismissal with prejudice, was inappropriate.

The constitutional infirmity could have been cured by a de novo hearing on plaintiff's motions for relief from the dismissal order, but such a hearing must clearly be de novo. *Cf. Armstrong*, 380 U.S. at 552, 85 S.Ct. at 1191. The record must affirmatively show that the court placed the burden on the party who prevailed under the invalid order. Because the hearing on plaintiff's motion for new trial was not conducted in such a manner, we hold that the hearing did not cure the constitutional invalidity of the court's dismissal order. *See id.* at 551–52, 85 S.Ct. at 1191 (constitutional infirmity not cured by subsequent hearing on motion to set aside adoption decree, because petitioner's burden to show that he had contributed to his daughter's support to the extent of his financial ability for two-year period would not have been placed on him had he been given timely notice). Accordingly, we reverse the trial court's order of dismissal and remand this case with instructions to reinstate the case on the trial docket.