Mr. Steven Jones, President Phillips County Community College P.O. Box 765 Helena, Arkansas 72342
Dear Mr. Jones:
This is in response to your request for an opinion on whether a community college "trustee"[1] who is appointed to fill a vacancy, can run to succeed himself in the next general election.
It is my opinion that although the issue presents a close question of law, the answer to your question is "yes."
The question turns on whether Amendment 29 to the Arkansas Constitution is applicable to community college trustees. That amendment provides in sections 1 and 2, in pertinent part, as follows:
 § 1 Vacancies in the office of United States Senator, and in all elective state, district, circuit, county, and township offices except those of Lieutenant Governor, Member of the General Assembly and Representative in the Congress of the United States, shall be filled by appointment by the Governor.
 § 2 . . . No person appointed under Section 1 shall be eligible for appointment or election to succeed himself. [Emphasis added.]
The initial question for resolution is whether community college trustees are "state" or "district" officers under section 1 above. If so, section 2 applies and prohibits anyone appointed to fill a vacancy from running to succeed himself. This office has previously opined that the board of a community college is a local, not a state board. Attorney General Opinion Nos. 89-E-5
and 89-219. We have opined that the office of community college board member is a "district" office. See Opinion Nos. 89-219
and 89-331. The question is whether it is a "district" office as that term is used in Amendment 29.
It is my opinion that it is not for several reasons. The Arkansas Supreme Court has held that a school district board member was not a "district" officer under Amendment 29. Glover v. Henry,231 Ark. 111, 328 S.W.2d 382 (1959). The court reasoned that: (1) Amendment 29 encompasses those public officers who are mentioned elsewhere in the constitution and who exercise in some measure the state's governmental powers, and school district directors do not fall into this category; (2) school district directors are not and have never been elected at the general election as Amendment 29 contemplates; and (3) when the purposes for which section 1 of Amendment 29 was enacted are considered, those being to reaffirm the governor's right of appointment which already existed as to these officers, it was clear that Amendment 29 did not apply because the governor had no right to appoint school directors at the time of the adoption of Amendment 29.
When this reasoning is applied to members of community college boards, a similar result obtains. As in Glover, community college board members are not mentioned elsewhere in the constitution,[2] and do not exercise the state's governmental powers. "It is a subordinate administrative position, created by statute only, and exercises only the limited powers possessed by [the district]." Id. at 114. Community college board members are elected at general elections (A.C.A. §6-61-520(b)), as contemplated by Amendment 29, but only every six years. Finally, community college board members do not appear to be within the original purpose of section 1 of Amendment 29 which, according to Glover, was to codify the existing appointive power of the Governor as to the positions enumerated. Community colleges were not created until the adoption of Amendment 52 to the Constitution and the General Assembly enacted enabling legislation thereunder. This was some twenty-six years after the adoption of Amendment 29. The amendment could not have contemplated community college board members, as they were nonexistent at the time of adoption of Amendment 29.
There is, in my opinion, also another reason to construe Amendment 29 as inapplicable to community college board members. The legislature has set out at A.C.A. § 6-61-520 (d), a specific procedure for the filling of vacancies on community college boards. That procedure also provides for the filling of vacancies by appointment by the Governor. In some aspects, however, §6-61-520(d)(2) and (3) are contrary to section 4 of Amendment 29, relating to the duration of the term of the appointee. It must be assumed that the General Assembly felt that the provisions of Amendment 29 were inapplicable, and they therefore adopted a procedure independent of Amendment 29 for the filling of vacancies. Legislative interpretation of constitutional provisions is never binding upon the courts, but if there is any doubt or ambiguity, it is persuasive and entitled to some consideration. Mears v. Hall, 263 Ark. 827, 569 S.W.2d 91
(1978). Additionally, statutes will be construed, if possible, as constitutional. Stone v. State, 254 Ark. 1011, 498 S.W.2d 694
(1973).
Although the language of Amendment 29 appears clear on its face, that is, it appears to apply to "district" officers, the Arkansas Supreme Court has on at least one occasion looked beyond this plain language in concluding that the amendment is inapplicable to school district directors. In my opinion, for all of the reasons cited above, the court would do so again with respect to community college board members.
It is therefore my opinion that Amendment 29 does not apply to community college board members, and thus the prohibition in section 2 thereof against appointees succeeding themselves is inapplicable. The vacancies should be filled according to the procedure set out at A.C.A § 6-61-520 (d), and that section contains no provision prohibiting appointed members from succeeding themselves.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We assume that by community college "trustee" you mean a member of a local community college board established pursuant to A.C.A. § 6-61-520.
[2] See, however, Amendment 52, which provides for the creation of community colleges.