Tom ROTELLO, et al., Appellant,

v.

STATE of Texas, Appellee.

No. C14–82–764CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1983.

Rehearing Denied Jan. 19, 1984.

Robert L. Burns, J. Mark Breeding, Sears & Burns, Houston, for appellant.

Mark White, Atty. Gen., Joe D. Jarrard, Asst. Atty. Gen., Austin, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

This appeal from the trial court's dismissal of appellants' suit for want of prosecution presents the question of whether appellants Tom Rotello, Lela P. Rotello, and Frances Rotello received notice of the trial court's intention to dismiss their suit for want of prosecution. We find that the appellants did not receive notice. This finding also raises the question of whether a failure to give notice prior to dismissal is harmless error because the appellants were afforded an opportunity to present their case against dismissal at a reinstatement hearing. We hold that a hearing after dismissal is not sufficient to render harmless the denial of the appellants' right to notice and hearing prior to dismissal.

On August 7, 1969, appellants filed this suit seeking a permanent injunction and money damages for the flooding of their land caused by the construction of a highway by the State. On January 4, 1972, the 85th Judicial District Court of Brazos County, dismissed the cause for want of prosecution. The dismissal was reversed in *Rotello v. State*, 492 S.W.2d 347 (Tex.Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.) because there was no evidence, nor could it be presumed, that the appellants

had been given notice and a hearing prior to dismissal. The trial court once again dismissed appellants' suit for want of prosecution in an order signed on July 30, 1982. There is no evidence that notice and hearing were afforded appellants prior to dismissal. On August 18, 1982, appellants filed their motion for new trial and a motion to set aside dismissal and reinstate the case. After holding a complete evidentiary hearing on these motions on August 27, 1982, the trial court denied them.

■■■ The issue before this court is whether the trial court dismissed the appellants' suit for want of prosecution without giving appellants' notice of its intention to dismiss and thereby denied appellants' right to a hearing prior to dismissal. Due process requires that appellants be given notice of a hearing on dismissal before a court may render judgment dismissing their suit. *Rotello v. State*, 492 S.W.2d 347, 349 (Hous. [1st] Civ.App.1973, writ ref'd n.r.e.). The appellants never received written notice of a dismissal hearing. However, the appellee contends that the appellants received notice through the operation of Rule 11–1 of the Local Rules of the District Courts of Brazos County. The appellants' brief quotes Rule 11–1 as stating:

> "Beginning with the month of April 1979, and each term of Court thereafter (April and October), there shall be a semi-annual Dismissal Docket. Adoption cases that have been on file over six (6) months, contempt proceedings that have been on file over ninety (90) days, divorce cases that have been on file over one (1) year, and other cases that have been on file over two (2) years which are not set for trial or other hearing SHALL BE SET FOR HEARING for all parties to show cause why same should not be dismissed for want of prosecution; and without good cause shown, at or before such hearing such cases will be dismissed by the Court for want of prosecution without further notice. The list of such cases will be posted in a conspicuous place in the Clerk's Office, and the date

of hearing will be disclosed on the General Docket. This Rule shall constitute notice of such hearings, and counsel (and all parties not represented by counsel) shall keep informed as to the length of time each of their cases have been on file."

However, we cannot charge appellant with knowledge of this rule because there is no proof of compliance with Rule 817 which provides:

> "Each Court of Civil Appeals and each district and each county court may, from time to time, make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made shall upon their promulgation be furnished to the Supreme Court of Texas. In all cases not provided for by these rules, the Court of Civil Appeals and district and county courts may regulate their practice in any manner not inconsistent with these rules."

The purpose of the filing requirement of Rule 817 is to give the courts and attorneys of this state notice of the content of local rules promulgated under Rule 817. See *Stoner v. Thompson*, 570 S.W.2d 511, 515 (Tex.Civ.App.—Waco 1978), reformed on other grounds, 578 S.W.2d 679 (Tex.1979).

■ Appellee additionally contends that even if we find that appellants did not receive notice prior to dismissal, lack of notice did not prejudice them because their counsel had read the local rules and had actual knowledge that their suit was on the April dismissal docket. Although counsel for appellants may have known that the case would be on the court's April dismissal docket, there is no evidence to indicate that he knew the time and date set for the docket. Also, it cannot be presumed that counsel knew the date of the hearing on the basis of the local rules because there is no proof that Rule 11–1 was complied with by the trial court, (i.e. "that appellants' case was posted as being on the dismissal docket in a conspicuous place in the Clerk's Office, and that the date of hearing was disclosed on the General Docket").

■ Appellee also contends that if the appellants were denied their right to notice and hearing prior to dismissal, such error was cured by the evidentiary hearing on the motion for reinstatement. Appellee asserts that this is true because the burden of proof and the standard of judicial review is the same for a hearing after dismissal as for a hearing before dismissal. Appellee bases its contention on the case of *Parks v. McMackin*, 636 S.W.2d 759, 761 (Tex.Civ. App.—Fort Worth 1982, writ ref'd n.r.e.), which held that even if the trial court erred by not conducting a full evidentiary hearing before dismissal, such error was cured by the reinstatement hearing held by the court. However, the facts of *Parks* are distinguishable from the present case in that the appellant in that case had notice prior to dismissal that the trial court intended to dismiss his suit for want of prosecution, and had opportunity at an in-chamber conference to request a full evidentiary hearing prior to dismissal. In the present case, the appellant had no such notice or opportunity to be heard prior to dismissal. In these circumstances an evidentiary hearing on the motion for reinstatement after dismissal is not an adequate substitute for notice and hearing prior to dismissal.

■ Appellants were deprived of their property interests upon dismissal of their suit and due process requires notice and hearing before an individual may be deprived of a property interest. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 41 L.Ed.2d 62 (1965). *Armstrong* involved a proceeding to set aside an adoption decree. Petitioner and his wife were divorced by a Texas court in 1959. Custody of their only child was awarded to petitioner's wife. In 1960, petitioner's wife married respondent. Two years later, respondent and his wife filed a petition for adoption in the district court of El Paso County, Texas, seeking to make respondent the legal father of petitioner's daughter. The adoption decree was entered without petitioner being given notice of the pendency of the adoption proceedings. Upon notice of the judgment, petitioner filed a motion for new trial. Instead of vacating the adoption decree, the trial court set the motion for new trial for hearing. After hearing evidence presented by petitioner, the court denied the motion and confirmed the adoption decree. The trial court's judgment was affirmed on appeal. *In re Adoption of Molly Page Armstrong, a Minor*, 371 S.W.2d 407 (El Paso Civ.App.1963, writ ref'd n.r.e.). Upon granting writ of certiorari, the United States Supreme Court held:

> "It is clear that failure to give the petitioner notice of the pending adoption proceedings violated the most rudimentary demands of due process of law. 'Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.' *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306 at 313, 70 S.Ct. 652, at 656, 94 L.Ed. 865."

> "The Texas Court of Civil Appeals implicitly recognized this constitutional rule, but held, in accord with its understanding of the Texas precedents, that whatever constitutional infirmity resulted from the failure to give the petitioner notice had been cured by the hearing subsequently afforded to him upon his motion to set aside the decree. 371 S.W.2d at 412. We cannot agree." *Armstrong v. Manzo*, 380 U.S. at 550–551, 85 S.Ct. at 1190–1191.

Notice and hearing prior to dismissal are important rights and are not to be denied because a plaintiff is afforded an opportunity for a reinstatement hearing.

We find the trial court erred in dismissing the appellants' suit without giving notice and an opportunity for hearing prior to dismissal. The judgment of the trial court is reversed and the cause is remanded.