The STATE of Texas, Petitioner,

v.

Tom ROTELLO et ux., Respondents.

No. C–2816.

Supreme Court of Texas.

June 6, 1984.

Rehearing Denied July 11, 1984.

Jim Mattox, Atty. Gen., William T. Palmer, Asst. Atty. Gen., Austin, for petitioner.

Sears & Burns, J. Mark Breeding, Houston, for respondents.

BARROW, Justice.

On August 7, 1969, Tom Rotello and wife filed suit against the State of Texas seeking damages for inverse condemnation relating to the flooding of their land and also seeking an injunction.

In 1972, the case was dismissed for want of prosecution, but this dismissal was reversed and the case was remanded for trial. *See Rotello v. State*, 492 S.W.2d 347 (Tex. Civ.App.—Houston [1st Dist.]), *writ ref'd n.r.e. per curiam*, 497 S.W.2d 290 (Tex. 1973). It was again dismissed for want of prosecution on July 30, 1982. The court of appeals reversed the trial court's judgment of dismissal and remanded the case to the trial court. 666 S.W.2d 194. We reverse

the judgment of the court of appeals and affirm the trial court judgment.

The principal question presented is whether the Rotellos were afforded due process. Specifically, the inquiry is whether the Rotellos were given adequate notice of the trial court's intention to dismiss their case and, if not, whether the Rotellos were given due process by the hearing on their motion for reinstatement. Finally, we must decide whether the trial court's order of dismissal was an abuse of discretion.

This case was dismissed pursuant to rule 11–1 of the local rules of the district courts of Brazos County. This rule provides in part that there shall be a dismissal docket each April and October. The rule further provides:

> [C]ases that have been on file over two (2) years which are not set for trial or other hearing SHALL BE SET FOR HEARING for all parties to show cause why same should not be dismissed for want of prosecution; and without good cause shown, at or before such hearing such cases will be dismissed by the Court for want of prosecution without further notice.... *This Rule shall constitute notice of such hearings,* and counsel ... shall keep informed as to the length of time each of their cases have been on file. (emphasis added).

This rule was adopted by the district courts of Brazos County prior to April 1979 and was in effect at the time of this dismissal. This case was placed on the April 1982 dismissal docket by the trial court, but the order of dismissal was not signed until July 30, 1982. In the meantime, there was no communication with the trial court by the Rotellos or their attorney and thus no effort to show good cause for the case not being dismissed.

The Rotellos were given prompt notice of the order of dismissal, and, within thirty days after it was signed, a full evidentiary hearing was held on their motion to reinstate the case. This motion was denied by the trial court.

It is urged that local rule 11–1 was void because a copy had not been furnished to the Supreme Court of Texas as required by Rule 817, Texas Rules of Civil Procedure. This contention is without merit. Approval of the supreme court was not required at the time this case was dismissed [1] and, therefore, the purpose for furnishing a copy to the supreme court was to provide a central place for notice to interested parties. This type notice was not necessary in this case as the record conclusively establishes that the attorney for the Rotellos had actual notice of the local rule regarding dismissal. He had filed several motions in other years in compliance with this rule to successfully retain the case on the active docket of the trial court. There was discussion at a prior pretrial conference that this case was a candidate ripe for the dismissal docket.

We conclude that the Rotellos are charged with notice of the trial court's intention to dismiss this cause at the April 1982 dismissal docket by their attorney's knowledge of the local rule. *See Schlosser v. Tropoli,* 609 S.W.2d 255, 257–58 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). This was sufficient notice to satisfy the requirements of due process and to authorize the trial court's dismissal of the case.

It is therefore unnecessary to consider the effect of the hearing on the Rotellos' motion for reinstatement. We would observe, however, that the hearing was held at a time the trial court had full control of the judgment. Also, the Rotellos were given the same hearing with the same burden of proof they would have been given before the order of dismissal was signed. *Cf. Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

The Rotellos further assert that the trial court abused its discretion in dismissing this case. It is settled law that the trial court has the inherent power to dis-

---

1. New Rule 3a, which became effective April 1, 1984, superseded Rule 817 and it requires approval by the supreme court of local rules prior to their promulgation. Tex.R.Civ.P. 3a.

miss cases not prosecuted with due diligence. *See Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930 (Tex. 1975); *Pollok v. McMullen Oil & Royalty Co.,* 383 S.W.2d 837 (Tex.Civ.App.—San Antonio 1964, writ ref'd); *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957). The test for appellate review of dismissal for want of prosecution was stated in *Bevil v. Johnson* as follows:

The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court.

307 S.W.2d at 87.

In considering whether the trial court abused its discretion, we must start with the disturbing fact that at the time of dismissal this case had been on the court's docket for nearly thirteen years. Notwithstanding the fact that some activity occurred in recent years, the trial court was entitled to consider the entire history of the case. *Estate of Bolton v. Coats,* 608 S.W.2d 722, 727 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Rorie v. Avenue Shipping Co.,* 414 S.W.2d 948, 952–53 (Tex.Civ. App.—Houston 1967, writ ref'd n.r.e.). The case had been dismissed once for want of prosecution and reinstated by the appellate courts only for lack of notice. Despite this dismissal and reinstatement, it is conceded by the Rotellos that there was nothing done to prosecute the case between 1973 and 1980. A pretrial conference was held in September 1980, but nothing further was done until late 1981. Depositions were taken in February 1982, but a scheduled pretrial hearing was passed. With this background, the trial court was fully justified in setting the case on the April 1982 dismissal docket on its own motion. Nothing further was done by the Rotellos until after the order of dismissal was signed on July 30, 1982.

The Rotellos filed a motion to reinstate which was heard by the trial court while it had full control over the judgment. *See* Tex.R.Civ.P. 329b; *cf. Harris County v. Miller,* 576 S.W.2d 808 (Tex.1979). At the hearing on the motion to reinstate, the son of the Rotellos and their lead attorney testified. It was stated that Mr. Rotello had been sick during part of the inactive period and that the lead attorney had undergone serious eye surgery in February of 1982.

■ We cannot say after an examination of this record that it was a clear abuse of discretion for the trial court to dismiss this case. This proceeding has been plagued by delay and inactivity from the outset. It has been pending for fifteen years, it has been in four appellate courts, and still it is not ready for trial. Such delay can not be tolerated in this day of crowded dockets. As was said by this court in *Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d at 931:

Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.

The judgment of the court of appeals is reversed and the trial court judgment is affirmed.

McGEE, J., dissents with opinion.

McGEE, Justice, dissenting.

I respectfully dissent and would affirm the judgment of the court of appeals. 666 S.W.2d 194.