**CITY OF HOUSTON and Houston Independent School District, Appellants,**

v.

**Maggie MALONE, Appellee.**

**No. A14–91–00880–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 9, 1992.

Mike Driscoll, Joyce A. Langenegger, William E. King, Houston, for appellants.

Maggie Malone, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellants appeal from the dismissal of a taxpayer delinquency case. In a single point of error appellants claim the trial court abused its discretion in dismissing the case for want of prosecution. We affirm.

On June 29, 1990, appellants filed suit against Maggie Malone, appellee for delinquent property taxes. On June 19, 1991, the trial court dismissed the suit for want of prosecution. On July 18, 1991, appellants filed a motion to reinstate the case, which the trial court denied after a hearing. Appellants have filed no statement of facts of the hearing.

In their sole point of error appellants claim the trial court abused its discretion in dismissing the case for want of prosecu-

tion. Appellants argue abandonment is not clearly shown because (1) there has been insufficient passage of time, (2) the plaintiff has been diligent, and (3) the trial court failed to show prejudice to the parties. Appellants proceed from an incorrect premise. In a dismissal for want of prosecution, the test is not abandonment; the test is due diligence. *Phillips v. Welch*, 749 S.W.2d 286, 288 (Tex.App.—Fort Worth 1988, no writ).

Rule 165a, adopted in 1983, allows dismissal for want of prosecution in accordance with the Supreme Court Administrative Rules. TEX.R.CIV.P. 165a(2). The time standards for non-jury trials is twelve months. RULES OF JUDICIAL ADMINISTRATION 6(b)(2).

■ In accordance with the rule, the trial court dismissed the case a year after the original petition was filed and appellants have pursued no other action except service of citation. If a party files a suit and fails to prosecute his claim to judgment with reasonable diligence, the trial court has the inherent power to dismiss the suit. *State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex.1984). When reviewing a dismissal for want of prosecution, the sole issue is whether appellant can demonstrate a clear abuse of discretion by the trial court. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957). The factors generally considered by the trial court before dismissing a case are: (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuse for the delay. *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 843 (Tex. App.—San Antonio 1989, writ denied).

■ In this case, the trial court followed the standard time set by the supreme court in dismissing for want of prosecution. Appellants argue they have been diligent in prosecuting the suit by pursuing additional service and conducting further research. Those assertions, however, are not supported by the record. Absent any record of what evidence the trial court considered, an appellate court may presume the trial court passed on all necessary facts to sup-

port an order overruling a motion to reinstate a case dismissed for want of prosecution. *Frenzel v. Browning–Ferris Indus.*, 780 S.W.2d 844, 846 (Tex.App.—Houston [14th Dist.] 1989, no writ). No trial setting has been requested.

As an excuse for the delay, appellants assert that delinquent property tax suits are unique with respect to the issue of due diligence. Appellants claim that because there is no ongoing relationship between the parties immediately prior to the filing of the suit, service of the defendant is the principal task to be accomplished. Because we have no record of the hearing on the motion to reinstate, we cannot determine if this argument was presented to the trial court or, if so, what evidence of diligence in pursuing service was presented.

Based on the record of this case, we affirm the trial court's dismissal for want of prosecution.