IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-549-CV





TRUDY'S TEXAS STAR, INC.,



 APPELLANT


vs.





ACCENT FLOORING, INC.,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY



NO. 136,466, HONORABLE MICHAEL SCHLESS, JUDGE



 





PER CURIAM



 Appellant Trudy's Texas Star, Inc., appeals from a judgment of the county court
at law of Travis County that awards appellee Accent Flooring, Inc., recovery in the amount of
$3,534.50, plus interest, attorney's fees, and costs. The trial court also ordered that Trudy's take
nothing on its counterclaim against Accent Flooring. We will affirm the judgment.

 Accent Flooring filed suit against Trudy's in October 1985 to recover the value of
labor and services due Accent Flooring for the installation of carpet. See generally Tex. R. Civ.
P. Ann. 185 (Supp. 1992). Trudy's answered with a verified denial and also filed a counterclaim
for damages alleging that Accent Flooring had not performed according to the contract. See
generally Tex. Bus. & Com. Code Ann. §§ 17.46,.50 (1987 & Supp. 1992).

 On June 6, 1991, Accent Flooring filed a motion to retain the cause on the court's
docket. (1) That same day, the trial court granted the motion and set the matter for trial. On June
10, 1991, Trudy's filed a motion to dismiss for want of prosecution asserting that Accent Flooring
abandoned its claim between June 20, 1986, and June 6, 1991. The court denied the motion to
dismiss, set aside its earlier order, and ordered that it would dismiss the case for want of
prosecution if not disposed of by August 20, 1991. Trial was held before a jury on August 15th;
the trial court signed the judgment on August 23rd.

 In one point of error, Trudy's argues that the trial court abused its discretion in
denying the motion to dismiss because Accent Flooring did not prosecute the case between
June 25, 1986, and June 6, 1991. The dismissal or refusal to dismiss an action for want of
prosecution is directed to the sound discretion of the trial judge. An appellate court will reverse
this action only upon a clear showing of an abuse of such discretion. Arguelles v. Kaplan, 736
S.W.2d 782, 785 (Tex. App. 1987, writ ref'd n.r.e.); Clark v. Turner, 505 S.W.2d 941, 946
(Tex. Civ. App. 1974, no writ); see State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984); Bevil v.
Johnson, 307 S.W.2d 85, 87 (Tex. 1957) (question on review of dismissal for want of prosecution
is whether trial court clearly abused its discretion).

 A trial court has inherent power to dismiss cases not prosecuted with due diligence. 
Rotello, 671 S.W.2d at 509; see Tex. R. Civ. P. Ann. 165a (Supp. 1992). The question whether
Accent Flooring prosecuted its case with due diligence was a matter committed to the trial court's
discretion. Dolenz v. Continental Nat'l Bank, 620 S.W.2d 572, 575-76 (Tex. 1981); see City of
Houston v. Malone, 828 S.W.2d 567, 568 (Tex. App. 1992, no writ); Frank v. Canavati, 612
S.W.2d 221, 222 (Tex. Civ. App. 1980, writ ref'd n.r.e.) (test is due diligence, not
abandonment). In resolving this question, the court could consider the entire history of the
litigation. Rotello, 671 S.W.2d at 509. No single issue was dispositive. Ozuna v. Southwest Bio-Clinical Lab., 766 S.W.2d 900, 902 (Tex. App. 1989, writ denied).

 The parties here do not dispute that Accent Flooring took no action between June
1986 and June 1991. In its motion to retain, Accent Flooring asserted that it was unable to
proceed with the lawsuit because of a severe depression in the company's business. Neither party
presented evidence at the hearing on the motion to dismiss. The statement of facts from that
hearing includes only argument of counsel and comments of the trial court. Based on the record
before this Court, we cannot conclude that the trial court abused its discretion in denying the
motion to dismiss. (2)

 In its brief on appeal, Trudy's states that a key witness moved away during the five-year period of inactivity and, thus, was unavailable for trial. Trudy's did not raise this argument
in its motion to dismiss or at the hearing on the motion. Accordingly, we may not consider the
argument in determining whether the trial court abused its discretion in denying the motion to
dismiss. Tex. R. App. P. Ann. 52(a) (Pamph. 1992); Mercure Co. v. Rowland, 715 S.W.2d 677,
680-81 (Tex. App. 1986, writ ref'd n.r.e.) (scope of appellate review limited to arguments raised
in motion to dismiss).

 We overrule the point of error and affirm the judgment of the county court at law.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 12, 1992

[Do Not Publish]
1. The statement of facts of the hearing on the motion to dismiss reflects that the trial court,
on its own motion, notified the parties that the cause would be dismissed unless a motion to retain
was filed. Apparently, Trudy's had not filed a motion to dismiss before June 1991 and neither
party had requested a trial setting.
2. The statement of facts does indicate that the local rules for the county courts at law provide
that a cause, set for the dismissal docket, will be retained if a party files a motion to retain and
the cause is disposed of within a specified period.