Dugan 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00187-CV







Wayne Dugan, d/b/a D & M Paint Company, Appellant



v.



Llano County Independent School District, Benchmark Commercial Builders


Company, and Security National Insurance Company, Appellees







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 9541, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







 Appellant Wayne Dugan appeals from an order dismissing his cause of action for
want of prosecution. Appellant argues that the trial court erred by: (1) dismissing the cause of
action; (2) failing to make findings of fact and conclusions of law in support of its order; and (3)
refusing to reinstate the case. We will affirm the order of the trial court.



DISCUSSION


 On April 28, 1991, Wayne Dugan filed suit in Dallas County alleging that
defendants had not paid all amounts due him for his work on a school building construction
project. Venue was transferred to Llano County in October 1991; no further action was taken on
the case until appellant received notice in December 1993 that his case had been placed on the
dismissal docket. Following a hearing on January 28, 1994, the trial court dismissed appellant's
cause of action for want of prosecution. Appellant filed a request for findings of fact and
conclusions of law on February 17, 1994. On March 11, 1994 the trial court heard arguments
on appellant's motion to reinstate, which the court denied at the end of the hearing. The court
also denied appellant's request to make findings of fact and conclusions of law. This appeal
ensued.

 In his second point of error, appellant argues that the trial court was required to
make findings of fact and conclusions of law in support of its order denying reinstatement of
appellant's case. Texas Rule of Civil Procedure 296 allows parties to request written findings of
fact and conclusions of law for any case tried in district or county court without a jury. See Tex.
R. Civ. P. 296. Because there was no trial in this case, the trial court did not need to make
findings of fact and conclusions of law. Eichelberger v. Balette, 841 S.W.2d 508, 510 (Tex.
App.--Houston [14th Dist.] 1992, writ denied). Appellant's second point of error is overruled.

 Appellant complains in his remaining points of error that the trial court erred in
dismissing his case. A decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court, and can be disturbed on appeal only if the decision amounted to a
clear abuse of discretion. State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984). A trial court
abuses its discretion when it acts in an unreasonable and arbitrary manner or when it acts without
reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court
may not reverse for abuse of discretion merely because we disagree with the trial court's decision. 
Buller, 806 S.W. 2d at 226; Downer, 701 S.W.2d at 242.

 Appellant asserts that Texas Rule of Civil Procedure 165a did not authorize
dismissal of his cause and that the evidence was insufficient to support the dismissal under that
rule. These arguments assume that Rule 165a sets out the exclusive grounds on which a trial court
may dismiss a case, and ignore the "settled law that the trial court has inherent power to dismiss
cases not prosecuted with due diligence." Rotello, 671 S.W.2d at 509 (emphasis added). This
inherent power is distinct from a court's statutory or rule authority to dismiss cases. Veterans'
Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976); Coven v. Heatley, 715 S.W.2d 739, 740
(Tex. App.--Austin 1986, writ ref'd n.r.e.). Because the trial court invoked this inherent power
in dismissing appellant's case, the court was required to resolve only the question of due diligence
within its sound discretion. Veterans' Land Bd., 543 S.W.2d at 90. 

 The record reveals that after its filing in Dallas County, appellant's cause of action
sat idle in the Dallas and Llano County district courts for two years and nine months. We also
note that this cause of action was originally filed in 1989, but was dismissed in April 1991 by
order granting appellant's motion for nonsuit. See Rotello, 671 S.W.2d at 509 (trial court may
consider entire history of the litigation in resolving question of due diligence). The trial court
determined that the suit's lengthy dormancy reflected a lack of diligence in prosecuting the claims. 
We hold that the trial court did not abuse its discretion in reaching this conclusion. See, e.g.,
Phillips v. Welch, 749 S.W.2d 286, 288 (Tex. App.--Fort Worth 1988, no writ) (agreeing with
trial court that two-year period of inactivity demonstrated lack of diligence in prosecuting suit).

 Appellant also argues that Texas Rule of Civil Procedure 165a(3) required the trial
court to reinstate his case. (1) A ruling on a motion to reinstate lies within the sound discretion of
the trial court. Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957); Parks v. McMackin, 636
S.W.2d 759, 761 (Tex. App.--Fort Worth 1982, writ ref'd n.r.e.). Thus, we will disturb this
ruling only if we find an abuse of discretion.

 In support of his claim, appellant relies on the language of Rule 165a which
requires reinstatement upon a finding that the "failure of the party or his attorney was not
intentional or the result of conscious indifference, but was due to an accident or mistake or that
failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3) (emphasis added). 
However, this provision does not apply when the trial court exercises its inherent power to dismiss
for want of diligent prosecution. See Olin Corp. v. Coastal Water Auth., 849 S.W.2d 852, 858
n.6 (Tex. App.--Houston [1st Dist.] 1993, no writ); Eustice v. Grandy's, 827 S.W.2d 12, 14-15
(Tex. App.--Dallas 1992, no writ); Ozuna v. Southwest Bio-Clinical Lab., 766 S.W.2d 900, 903
(Tex. App.--San Antonio 1989, writ denied); Moore v. Armour & Co., 748 S.W.2d 327, 331 (Tex.
App.--Amarillo 1988, no writ); Speck v. Ford Motor Co., 709 S.W.2d 273, 275 (Tex.
App.--Houston [14th Dist.] 1986, no writ). Rather, the standards for obtaining a reinstatement
under Rule 165a(3) apply only when a case is dismissed for a party's failure to appear at hearing
or trial and not for a party's failure to prosecute. Ozuna, 766 S.W.2d at 902-03 ("failure" in Rule
165a(3) refers to party's failure to appear and not failure to prosecute).

 Because the trial court dismissed appellant's case pursuant to its inherent power to
dismiss for want of diligent prosecution, it was not required to reinstate the case under Rule
165a(3) as appellant urges. The trial court held a hearing on the motion to reinstate, during which
appellant's counsel was given the opportunity to explain why he had failed to take any action on
the case for over two years. Dissatisfied with the explanation that counsel was not sufficiently
"prodded" to pursue the case, the trial court denied appellant's motion. We hold that the trial
court was well within its discretion in making this decision. Points of error one and three are
overruled.

 Having overruled all of appellant's points of error, we affirm the order of the trial
court.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 15, 1995

Do Not Publish

 
1.   This argument should have been raised under a separate point of error. Tex. R. App. P.
74(d). We consider it, however, in the interest of justice. See Tex. R. App. P. 74(p).