CV4-497 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00497-CV







Lillian Minchey and D. C. Minchey, Appellants



v.



Michael Defiel, D.D.S., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 476,348, HONORABLE HUME COFER, JUDGE PRESIDING








PER CURIAM



 Lillian and D.C. Minchey appeal from the order of the trial court that dismissed
their cause for want of prosecution. In one point of error, appellants contend that the trial court
abused its discretion in dismissing the cause. We will affirm the order.



BACKGROUND


 Appellants sued Dr. Michael Defiel for dental malpractice. They filed suit on
December 19, 1989, based on events occurring in or before 1973. In the fifty-three months after
filing suit, appellants' counsel took the following actions:



1. Began Dr. Defiel's deposition on June 8, 1990, then recessed it without
completing it;


2. Sent written discovery to Dr. Defiel on February 11, 1991; 


3. Responded to discovery on July 5, 1990, and May 17, 1993;


4. Re-noticed Dr. Defiel's deposition on May 5, 1994.



Appellants explain that this delay was caused by their lawyer's decision to "suspend" the
malpractice suit in order to pursue a worker's compensation claim. After losing that cause,
appellants fired their first attorney in January of 1992. For a year they sought representation,
finally retaining a new attorney on January 19, 1993. Counsel explains the delay from retention
of counsel to re-noticing Dr. Defiel's deposition by counsel's workload due to pre-existing
business.

 Dr. Defiel filed a motion to dismiss for want of prosecution on May 27, 1994. 
Immediately thereafter, appellants set the cause for trial and filed a motion for summary judgment. 
On June 9, 1994, after a hearing at which appellants and appellee were present and argued, the
court granted the motion to dismiss. (1)



STANDARD OF REVIEW


 The decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court, and can be disturbed on appeal only if it amounted to a clear abuse
of discretion. State v. Rotello, 671 S.W.2d 507, 508-9 (Tex. 1984). A trial court abuses its
discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference
to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This
Court may not reverse for abuse of discretion merely because we disagree with the trial court's
decision. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242.

 When deciding whether to dismiss a case the court may consider the amount of
activity in the case, the length of time the case was on file, requests for a trial date, and the
existence of reasonable excuses for delay. Bilnoski v. Pizza Inn, Inc. 858 S.W.2d 55, 56 (Tex.
App.--Houston [14th Dist.] 1993, no writ). Recent activity in a case is not necessarily enough to
defeat a dismissal for want of prosecution. Rotello, 671 S.W.2d at 509.

 At the time that the court dismissed this cause, it had been pending for fifty-three
months. The litigation concerned events occurring during or before 1973. Therefore, the
underlying facts relevant to the cause were at least twenty-one years old at the time of the
dismissal. See Southern Pacific Transp. Co. v. Stoot, 530 S.W.2d 930, 931 (Tex. 1975)
(possibility for error in fact finding increases as time elapses). Although current counsel contends
that the first attorney "suspended" this cause, appellee's counsel vigorously disputes the existence
of any agreement or understanding to delay the litigation. Appellant provides no evidence of such
an agreement. A trial setting had been obtained and motion for summary judgment filed, but only
after appellee filed the motion to dismiss. Considering all of the factors in the cause, we cannot
say that the trial court abused its discretion in granting appellee's motion and dismissing the cause.


 We affirm the trial court's order.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 12, 1995

Do Not Publish
1. [1] Appellant devotes substantial attention in his brief to a discussion of why dismissal was not
proper under the Texas Rules of Civil Procedure. Tex. R. Civ. P. 165(a). The record is clear,
however, that dismissal was pursuant to a motion and not based on Rule 165(a) or any local rules.