cv6-013.Perez.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00013-CV







Concepcion Perez, Appellant



v.



Texas Employers' Insurance Association, in Receivership; Texas Property and Casualty


Insurance Guaranty Association; and Second Injury Fund, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-12300, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM

 

 This is an appeal from a district court's dismissal for want of prosecution of a workers'
compensation case and a denial of a verified motion to reinstate the case. By a sole point of error,
appellant Concepcion Perez contends that the district court abused its discretion. We will affirm the district
court's orders.

 On May 5, 1988, Perez filed suit against the Texas Employers' Insurance Association in
Hidalgo County claiming that she sustained injuries while working at the Haggar Apparel Company. By
her suit, Perez sought workers' compensation benefits. On September 24, 1994, because Employers' was
in receivership and the receiver was a resident of Travis County, the case was transferred to Travis County. 
See Tex. Ins. Code Ann. art. 21.28 §§ 3(h), 4(f) (West Supp. 1997). On August 9, 1995, Employers'
filed a motion to dismiss the case. On August 22, 1995, following a hearing, the district court dismissed
the case. Subsequently, the district court denied Perez's verified motion for reinstatement. 

 A party filing suit is required to prosecute its claim to judgment with reasonable diligence. 
Bard v. Frank B. Hall & Co., 767 S.W.2d 839, 843 (Tex. App.--Houston [14th Dist.] 1989, writ
denied). A district court has judicial discretion to dismiss cases not prosecuted with due diligence. State
v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984) (citing Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957)). 
When determining whether a case has been prosecuted with reasonable diligence, the district court may
consider the entire history of the case. Rotello, 671 S.W.2d at 509. Factors generally considered by the
district court before dismissing a case include: (1) the length of time the case was on file; (2) the extent of
activity in the case; (3) whether a trial setting was requested; and (4) the existence of a reasonable excuse
for the delay. City of Houston v. Malone, 828 S.W.2d 567 (Tex. App.--Houston [14th Dist.] 1992,
no writ). 

 A dismissal of a case for want of prosecution will be reversed only upon a showing of a
clear abuse of discretion. Veterans' Land Board v. Williams, 543 S.W.2d 89, 89 (Tex. 1976). The fact
that a district judge may decide a matter within its discretionary authority in a different manner than an
appellate judge would in a similar circumstance does not demonstrate that an abuse of discretion occurred. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 241, 241-42 (Tex. 1985), cert. denied, 476 U.S.
1159 (1986). 

 Perez argues that the district court dismissed her case solely because the most recent
medical discovery took place in 1990 or 1991. While the judge's closing comments at the hearing on the
motion to dismiss addressed the 1990 or 1991 medical discovery, the history of the case and other
evidence supports the district court's dismissal order. 

 When reviewing the four factors, we begin with the fact that this case had been on the
docket for seven years. It was on the docket in Hidalgo County more than six years, from May 5, 1988,
until it was transferred to Travis County on September 24, 1994. Since the transfer, it has remained on
the docket in Travis County almost a year.

 Regarding requests for trial settings, Perez made two requests for trial before the case was
transferred to Travis County, one in June 1990 and another in January 1991. Additionally, Perez sought
a docket control conference on September 6, 1995, seeking a preferential trial setting in Travis County. 
This motion, however, was filed after Employers' moved to dismiss the case, almost one year after the case
had been transferred to Travis County. Regarding delays and activity in the case, while Employers'
receivership caused a considerable delay, there were other lengthy time periods that elapsed with no
attempt by Perez to prosecute her case. From September 24, 1994, until August 9, 1995, the date
Employers' filed its motion to dismiss, Perez did not take any prosecutorial action in Travis County. At the
dismissal hearing, the judge questioned Perez about what action she had taken to get the case to trial in the
last year since the case was transferred to Travis County. Perez did not answer the question directly but
stated that she was ready to go to trial and all that she needed was a trial date. However, Perez then
contended that she was not ready for trial because she needed to take a few depositions to update the
1991 medical discovery. Perez did not provide an explanation for the lack of prosecutorial activity
between September 24, 1994, and August 9, 1995. 

 Considering the history of the case, we conclude that the district court did not abuse its
discretion by dismissing the case and denying Perez's motion to reinstate her case. We overrule Perez's
sole point of error and affirm the district court's orders. 


Before Justice Powers, Aboussie and Jones

Affirmed

Filed: February 6, 1997

Do Not Publish



 the receiver was a resident of Travis County, the case was transferred to Travis County. 
See Tex. Ins. Code Ann. art. 21.28 §§ 3(h), 4(f) (West Supp. 1997). On August 9, 1995, Employers'
filed a motion to dismiss the case. On August 22, 1995, following a hearing, the district court dismissed
the case. Subsequently, the district court denied Perez's verified motion for reinstatement. 

 A party filing suit is required to prosecute its claim to judgment with reasonable diligence. 
Bard v. Frank B. Hall & Co., 767 S.W.2d 839, 843 (Tex. App.--Houston [14th Dist.] 1989, writ
denied). A district court has judicial discretion to dismiss cases not prosecuted with due diligence. State
v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984) (citing Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957)). 
When determining whether a case has been prosecuted with reasonable diligence, the district court may
consider the entire history of the case. Rotello, 671 S.W.2d at 509. Factors generally considered by the
district court before dismissing a case include: (1) the length of time the case was on file; (2) the extent of
activity in the case; (3) whether a trial setting was requested; and (4) the existence of a reasonable excuse
for the delay. City of Houston v. Malone, 828 S.W.2d 567 (Tex. App.--Houston [14th Dist.] 1992,
no writ). 

 A dismissal of a case for want of prosecution will be reversed only upon a showing of a
clear abuse of discretion. Veterans' Land Board v. Williams, 543 S.W.2d 89, 89 (Tex. 1976). The fact
that a district judge may decide a matter within its discretionary authority in a different manner than an
appellate judge would in a similar circumstance does not demonstrate that an abuse of discretion occurred. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 241, 241-42 (Tex. 1985), cert. denied, 476 U.S.
1159 (1986). 

 Perez argues that the district court dismissed her case solely because the most recent
medical discovery took place in 1990 or 1991. While the judge's closing comments at the hearing on the
motion to dismiss addressed the