NUMBERS 13-04-209-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







PEDRO BAZAN
, Appellant,


v.



DIANA CANALES, ET AL., Appellee.





On appeal from the 248th District Court


of Harris County, Texas.






DISSENTING OPINION



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Justice Castillo



 Because I would hold that appellant Pedro Bazan has not shown error on the
face of the record, an essential requirement of a restricted appeal, I respectfully
dissent. (1) See Tex. R. App. P. 26.1( c), 30; Alexander v. Lynda's Boutique, 134
S.W.3d 845, 848 (Tex. 2004) (Schneider, J. dissenting). 

I. Background

 The record demonstrates that the trial court ordered Bazan's counsel to submit
an order after it heard evidence of damages and pronounced judgment in default. Over
nine years later, and ten days after the trial court dismissed the case for want of
prosecution, Bazan wrote a letter to the trial court requesting it to "sign final orders
so this action can become final." In the same letter he notified the trial court that he
had terminated his counsel's representation and was proceeding pro se. (2) He further
apprised the trial court that he had requested the reporter's record so that Bazan could
prepare the final orders, and, if the trial court had final orders before it, Bazan
requested to review them before entry. The record shows that, as of the date of his
restricted appeal, Bazan had not complied with the trial court's order to submit an
order to memorialize the judgment. 

II. Error on the Face of the Record

A. The Trial Court's Inherent Power to Dismiss

 A trial court has the inherent power to dismiss a case. Veterans' Land Bd. v.
Williams, 543 S.W.2d 89, 90 (Tex. 1976) (per curiam); Burton v. Hoffman, 959
S.W.2d 351, 353 (Tex. App.-Austin 1998, no pet.). In the context of the record
before us, dismissal for want of prosecution for failure to comply with a trial court's
order is not an abuse of discretion. (3) See id. passim; Koslow's v. Mackie, 796 S.W.2d
700, 704 (Tex. 1990); Kutch v. Del Mar College, 831 S.W.2d 506, 509-10 (Tex.
App.-Corpus Christi 1992, no writ) (holding that trial courts have the power to
sanction parties for bad faith abuse of the judicial process not covered by rule or
statute); see also Public Util. Comm'n v. Cofer, 754 S.W.2d 121, 124 (Tex. 1988)
(recognizing the inherent power of courts to ensure an adversarial proceeding);
Eichelberger v. Eichelberger, 582 S.W.2d 395, 398-99 (Tex. 1979) (recognizing that
a court has inherent power "which it may call upon to aid in the exercise of its
jurisdiction, in the administration of justice, and in the preservation of its independence
and integrity"). 

 The inherent judicial power of a court is not derived from legislative grant or
specific constitutional provision, but from the very fact that the court has been created
and charged by the constitution with certain duties and responsibilities. Id. at 398. 
The inherent powers of a court are those which it may call upon to aid in the exercise
of its jurisdiction, in the administration of justice, and in the preservation of its
independence and integrity. Id. In the exercise of its discretion, the trial court is not
limited to considering only the specific violation committed but is entitled to consider
other matters which have occurred during the litigation. See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985) (holding that, in exercising its
discretion in choosing the appropriate sanction, the trial court is not limited to
considering only the specific violation committed but is entitled to consider other
matters which have occurred during the litigation); Smithson v. Cessna Aircraft Co.,
665 S.W.2d 439, 443 (Tex. 1984). The power to compel compliance with valid
orders incident to the administration of justice is fundamental, and closely related to
the core functions of the judiciary. Kutch, 831 S.W.2dat 510. 

 In this case, Bazan filed suit on May 13, 1994. Four months later, a default
judgment was pronounced on the question of liability. Five years later, a default
judgment was pronounced on the question of damages and the trial court ordered
Bazan to submit the order. Four years after that, Bazan had not complied with the trial
court's order to submit an order. On this record, the trial court was entitled to find
that Bazan's failure over a four year period to provide the requested order was one of
willful disobedience or conscious indifference to its lawful order. See Mackie, 796
S.W.2d at 704. Thus, Bazan has not demonstrated error on the face of the record. 
Lynda's Boutique, 134 S.W.3d at 848. 

B. The Trial Court's Power to Dismiss for Want of Prosecution

 I conclude that the error is not shown on the face of the record on the question
of due diligence. See id. When reviewing a judgment dismissing a case for want of
prosecution, the primary issue is whether the plaintiff exercised reasonable diligence. 
Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976) (per curiam). In
evaluating diligence, a district court is entitled to consider the entire history of the
case. MacGregor v. Rich, 941 S.W.2d 74, 75; State v. Rotello, 671 S.W.2d 507,
509 (Tex. 1984). Factors generally considered by the trial court before dismissing a
case include (1) the length of time the case has been on file, (2) the extent of activity
in the case, (3) whether a trial setting was requested, and (4) the existence of
reasonable excuses for the delay. MacGregor, 941 S.W.2d at 75-76; Rotello, 671
S.W.2d at 509. A decision to dismiss for want of prosecution is fact-specific and
should be based on an evaluation of all the circumstances of a case. Rotello, 671
S.W.2d at 509. 

 In this case, Bazan's case was on the trial court's docket for nine years without
entry of a final judgment. On these facts, due diligence is not demonstrated. 
MacGregor, 941 S.W.2d at 75-76; Rotello, 671 S.W.2d at 509. Consequently, Bazan
has not shown and error is not apparent on the face of the record before us. See
Lynda's Boutique, 134 S.W.3d at 848. 


C. Direct Appeal

 On still another ground, I would hold that Bazan has not demonstrated he is
entitled to a restricted appeal. See Tex. R. App. P. 26.1, 30; Lynda's Boutique, 134
S.W.3d at 848. Ten days after the complained-of dismissal order, Bazan filed a pro
se letter requesting the trial court enter a final written order. I would construe the
letter as a post-trial motion to modify. Home Owners Funding Corp. v. Scheppler, 815
S.W.2d 884, 887 (Tex. App.-Corpus Christi 1991, no writ) (holding that we construe
the rules liberally and look only to the effect if the instrument's request was granted). 
If granted, the requested motion would have resulted in a modified judgment. Thus,
Bazan's post-trial motion is one contemplated by rule 329b. See Tex. R. Civ. P. 329b;
Scheppler, 815 S.W.2d at 887 (citing Brazos Electric Power Co-op., Inc. v. Callejo,
734 S.W.2d 126, 128 (Tex. App.-Dallas 1987, no writ)). The timely-filed post-trial
motion specifically requests a modification of a judgment and, thus, extended the trial
court's plenary jurisdiction. See Tex. R. Civ. P. 329b(g). However, Bazan filed his
notice of appeal 126 days after his timely-filed post-trial motion, beyond the trial
court's plenary jurisdiction. See id.; In the Interest of K.A.F., 160 S.W.3d 923, 927
(Tex. 2005) ("A court of appeals has jurisdiction over an appeal if the appellant timely
files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."). 
Because his direct appeal of the dismissal order is untimely, Bazan is not entitled to
review by restricted appeal. See Tex. R. App. P. 26.1, 30; Lynda's Boutique, 134
S.W.3d at 848.

III. Conclusion

 Because I conclude that Bazan has not demonstrated the requisites for review
by restricted appeal, I respectfully dissent. 


 ERRLINDA CASTILLO

 Justice



Dissenting Opinion delivered and filed

this 24th day of August, 2006.

 

1. To prevail on its restricted appeal, a party must establish that (1) it filed notice of the restricted
appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit,
(3) it did not participate in the hearing that resulted in the judgment complained of and did not timely
file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is
apparent on the face of the record. Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004).
2. Bazan's letter to his counsel states, in part, "You have failed to prosecute this action in a
professional manner or to communicate with me regarding this action." 
3. The test for determining if the trial court abused its discretion is whether the trial court acted
without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). If the trial court acts in an arbitrary or unreasonable manner, it
abuses its discretion. Loftin v. Martin, 776 S.W.2d 145, 146 (Tex. 1989); Downer, 701 S.W.2d at
241-42; Kutch v. Del Mar College, 831 S.W.2d 506, 508 (Tex. App.-Corpus Christi 1992, no writ). 
The trial court does not necessarily abuse its discretion if under the same facts an appellate judge would
decide the matter differently, or if the court commits a mere error in judgment. Loftin, 776 S.W.2d at
146; Downer, 701 S.W.2d at 242; Sw. Bell Tel. v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965). This
court will reverse a trial court's rulings if it abuses its discretion and the error is harmful. Tex. R. App.
P. 44.1(a); see generally Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 935-36 (Tex. App.-
Austin 1987, no writ) (discussing the standard). A reviewing court cannot conclude that a trial court
abused its discretion simply because, in the same circumstances, it would have ruled differently, or
because the trial court committed a mere error in judgment. E.I. du Pont de Nemours & Co. v. Robinson,
923 S.W.2d 549, 558 (Tex. 1995); Loftin, 776 S.W.2d at 146.