Affirmed and Memorandum Opinion filed May 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00257-CV

___________________

 

RODNEY EARL WILLIAMS, Appellant

 

V.

 

ERMA JEAN MARTIN, Appellee



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2007-69285

 



 

 

MEMORANDUM OPINION

            Appellant Rodney Earl Williams appeals from the
dismissal of his case for want of prosecution.  Appellant contends that the
trial court erred in dismissing his suit because he attempted to obtain a
no-answer default judgment.  We affirm.

Background

            On
November 12, 2007, appellant filed suit against appellee, Erma Jean Martin.  On
March 27, 2008, the trial court notified appellant that his suit would be
dismissed for want of prosecution unless by April 21, 2008, appellant filed a
meritorious motion for default judgment or appellee filed an answer.  On April
9, 2008, appellant filed a “Notice of Request for Default Judgment,” which the
trial court denied on April 11, 2008.  The record does not contain either proof
of service of process or an answer from appellee, but appellant’s case was
retained on the docket.

            On
January 8, 2009, the trial court issued another notice of intent to dismiss for
want of prosecution unless by February 9, 2009, appellant filed a meritorious
motion for default judgment or the appellee filed an answer.  The notice also
permitted appellant to file a verified motion to retain.  The notice contained
instructions regarding a motion for default judgment, which stated:

If you file a Motion for Default Judgment, you must comply
with the requirements of 50 U.S.C. App. § 521, Section 201.

The requirements for the non-military affidavit are now
more detailed.

You are required to state facts to support whatever you
assert in the affidavit.

READ THE FEDERAL STATUTE

A non-complying Motion for Default Judgment will not be
granted and will not be sufficient to avoid dismissal for want of prosecution.

On January 25, 2009, appellant filed another notice
of request for default judgment in which he averred that he had mailed his
petition to appellee, but she failed to answer.  On February 16, 2009, the
trial court dismissed appellant’s suit for want of prosecution.  This appeal
resulted from the dismissal.

A trial court may exercise its discretion to dismiss
for want of prosecution either under Texas Rule of Civil Procedure 165a or its
inherent power.  Villarreal v. San Antonio Truck & Equip., 994
S.W.2d 628, 630 (Tex. 1999).  Rule 165a provides:

A case may be dismissed for want of prosecution on failure
of any party seeking affirmative relief to appear for any hearing or trial of
which the party had notice.  Notice of the court’s intention to dismiss and the
date and place of the dismissal hearing shall be sent by the clerk to each
attorney of record, and to each party not represented by an attorney and whose
address is shown on the docket or in the papers on file, by posting same in the
United States Postal Service.  At the dismissal hearing, the court shall
dismiss for want of prosecution unless there is good cause for the case to be
maintained on the docket.

Tex. R. Civ. P. 165a.

When reviewing a dismissal for want of prosecution,
we examine the entire record, and we will reverse the trial court only if that
court clearly abused its discretion.  Bilnoski v. Pizza Inn, Inc., 858
S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ); City of
Houston v. Malone, 828 S.W.2d 567, 568 (Tex. App.—Houston [14th Dist.]
1992, no writ).  

Appellant contends that the trial court erred in
dismissing for want of prosecution because he was entitled to a default
judgment.  Anytime after a defendant is required to answer, a plaintiff may
take a default judgment if the defendant has not previously filed an answer,
and the citation with the officer’s return has been on file with the clerk for
ten days.  Aguilar v. Livingston, 154 S.W.3d 832, 834 (Tex. App.—Houston
[14th Dist.] 2005, no pet.).  See Tex. R. Civ. P. 239 & Tex. R. Civ.
P. 107.  Further, the Servicemembers Civil Relief Act requires that the
plaintiff file an affidavit (a) stating whether or not the defendant is in
military service and showing necessary facts to support the affidavit, or (b)
if the plaintiff is unable to determine whether the defendant is in military
service, stating that the plaintiff is unable to determine whether or not the
defendant is in military service.  50 App. U.S.C.A. § 521 (2008).  

The record contains no answer from appellee, no citation
with an officer’s return that appellee was served with appellant’s petition,
and no non-military affidavit as required by the Servicemembers Civil Relief
Act.  On this record, plaintiff has not shown that he was entitled to a default
judgment.  In addition, appellee failed to answer, and the trial court complied
with rule 165a.  We conclude the court did not clearly abuse its discretion in
dismissing for want of prosecution.  Appellant’s issue is overruled.

The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore.