**Affirmed and Memorandum Opinion filed June 7, 2012.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-11-00269-CV**

**NATHANIEL JONES III, Appellant**

**V.**

**JAMIE SULLA, Appellee**

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-41188**

# M E M O R A N D U M   O P I N I O N

Appellant Nathaniel Jones appeals the dismissal of his in forma pauperis suit against his former attorney Jamie Sulla. In a single issue, appellant requests that this court abate the appeal and remand to the trial court for review of appellant's ability to pay court costs. We affirm.

## Background

Appellee Jamie Sulla was appointed by the 228th District Court of Harris County, Texas to represent appellant on felony theft charges and felon in possession of a firearm

charges. Appellant, while represented by appellee, entered a negotiated plea of guilty to the theft charges in exchange for the State dropping the firearm charge and deferred adjudication. Appellant was subsequently arrested and charged with murder and aggravated assault arising from an incident unrelated to the theft charges. Appellee did not represent appellant on the murder and aggravated assault charges. A jury convicted appellant of murder and he was sentenced to 45 years in prison.

On July 2, 2011, appellant, then an inmate, filed a civil suit in forma pauperis against appellee alleging legal malpractice for failing to obtain a settlement with the complaining witness in the theft charge and for allowing him to receive deferred adjudication probation instead of jail time. The Harris County District Clerk contested the appellant's affidavit of indigence. Appellant filed a response to the contest, but did not cure defects pointed out by the District Clerk's contest. After giving proper notice of submission of the contest, the trial court sustained the contest to the affidavit and ordered appellant to pay costs. When appellant did not pay costs, the trial court dismissed the suit for want of prosecution. Appellant appealed the dismissal of his legal malpractice suit against appellee.

On April 29, 2011, appellant filed a motion with this court requesting that we review the trial court's order sustaining the District Clerk's contest to his affidavit of indigence. Pursuant to section 13.001 of the Texas Civil Practice and Remedies Code, this court abated the appeal and ordered the trial court to make written findings as to whether (1) the appeal is frivolous; and (2) if the reporter's and clerk's records are needed to decide an issue presented by the appeal. The court found:

> 7. This is a legal malpractice claim filed against the Plaintiff's former court appointed lawyer. The action's realistic chance of ultimate success is slight and plaintiff could not have proven a set of facts in support of his claim. Indeed, it appears that plaintiff's claims may be, in part, barred by the statute of limitations. Further, the law would not appear to support Plaintiff's claim because he voluntarily accepted a plea in exchange for deferred adjudication. *See Peeler v. Hughes & Luce. et. al.*, 909 S.W. 2d 494 (Tex 1995).

8. On information and belief (based on the allegations contained in Defendant's Original Answer), Plaintiff may be an "inmate" as that term is defined under §14.001(3), Tex. Civ. Prac. & Rem. Code. As such, §14.003 and §14.004 Tex. Civ. Prac. & Rem. Code, may also apply. The Court hereby incorporates its findings in paragraph 7, above. Further, the Court notes that Plaintiff has failed to comply with § 14.004.

In a single issue, appellant claims the trial court erred in dismissing his case for want of prosecution, and asks this court to abate to the trial court for correction of his affidavit.

### Dismissal of Inmate Suit

The trial court initially dismissed appellant's suit for want of prosecution because appellant failed to pay costs. A trial court has inherent power to dismiss a case for want of prosecution. *State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex.1984); *Ellmossallamy v. Huntsman*, 830 S.W.2d 299, 300–01 (Tex. App.—Houston [14th Dist.] 1992, no writ). In exercising its discretion, the trial court is entitled to consider the entire history of the case. *Rotello*, 671 S.W.2d at 509.

In a case such as this where an inmate has filed suit in forma pauperis, the trial court has authority to dismiss the suit under Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). Chapter 14 applies "only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." *Id.* § 14.002(a). The decision to dismiss is reviewed under a standard of abuse discretion. *Morris v. Collins*, 916 S.W.2d 527, 528 (Tex. App.—Houston [1st Dist.] 1995, no writ).

The trial court may dismiss an inmate's claim under Chapter 14, either before or after service of process, if it finds the claim to be "frivolous or malicious." *Id.* § 14.003(a)(2). A claim is frivolous or malicious under Chapter 14 if, among other reasons, it has no basis in law or fact. *Id.* § 14.003(b)(2); *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

3

When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A claim has no arguable basis in law if it relies on an "indisputably meritless legal theory." *Id.*

A trial court ordinarily has "broad discretion" to dismiss an inmate's suit if it finds the claim to be frivolous or malicious. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.). However, we review de novo a trial court's dismissal based on a conclusion that the claim has "no arguable basis in law." *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). In conducting our review, we take as true the allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied); *see also Scott*, 209 S.W.3d at 266–67.

After this court abated for findings under Chapter 13 of the Civil Practice and Remedies Code, the trial court determined that appellant's claims had no basis in law, citing *Peeler v. Hughes*. A plaintiff who has not been exonerated of his crime cannot recover from his defense attorney for certain legal malpractice claims because the plaintiff's own conduct is the "sole cause of the plaintiff's indictment and conviction." *Peeler*, 909 S.W.2d at 497–98. Before Peeler's trial for a federal crime, her trial counsel failed to inform her of an offer of transactional immunity made by the prosecution. *Id.* at 496. Unaware of the offer, Peeler pleaded guilty and was convicted. *Id.* Peeler subsequently filed a malpractice action against her trial counsel. *Id.* The Texas Supreme Court affirmed the trial court's summary judgment in favor of trial counsel and stated that "it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of injuries flowing from the conviction." *Id.* at 498. The court held that Peeler's claims for professional negligence and DTPA violations were barred as a matter of law

4

because Peeler had not been exonerated and therefore could not prove that trial counsel's alleged malpractice "in connection with [her] conviction" proximately caused her injuries. *Id.* To allow such claims absent exoneration would impermissibly shift responsibility for the crime away from the convict. *Id.*

In this case, appellant's legal malpractice claim has no arguable basis in law. According to his petition, appellant was charged with theft for failure to timely return a rental car. He asked appellee, his counsel on the theft charge, to negotiate a payment plan with the rental car agency. Appellee explained that the assistant district attorney would not accept a payment plan as a resolution to the theft charge. The assistant district attorney offered appellant two years' deferred adjudication probation in exchange for a guilty plea. Appellant pleaded guilty and was placed on probation. While on probation, he committed the offense for which he is now incarcerated. Appellant sued his former attorney alleging that she failed to arrange a payment plan with the rental car company, and did not permit him to go to trial, rather than plead guilty.

Like Peeler, appellant's illegal conduct is the cause in fact of his harm, not his counsel's conduct. Therefore, under *Peeler*, appellant's suit has no arguable basis in law. For that reason, the trial court did not err in dismissing appellant's suit. Because appellant's claim has no arguable basis in law, we decline to abate the appeal for correction of appellant's indigence affidavit. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

5