Affirmed and Opinion filed April 12, 2005









Affirmed and Opinion filed April 12, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00499-CV

____________

 

JACQUELINE M. POLK, Appellant

 

V.

 

SOUTHWEST CROSSING
HOMEOWNERS ASSOCIATION, SAMMY DELEON, W. AUSTIN BARSALOU, PARKER & COMPANY,
INC., CONSULTING MANAGEMENT AND INVESTMENTS, VICKI WARD, DORA M. PARKER, AND
JOEL C. CLOUSER, SR., Appellees

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 99-CV-110032

 



 

O P I N I O N

Appellant Jacqueline Polk contends the
trial court lacked jurisdiction because her case=s transfer to
another district court did not comply with local rules.  Additionally, Polk asserts the trial court
erred when it dismissed Polk=s case without
giving her notice and a hearing, and further erred when it denied her motion to
reinstate.  We affirm.

 








Factual and Procedural Background

Polk Files Suit        

The following events led Polk to file the
lawsuit that forms the basis of this appeal. 
Appellee Southwest Crossing Homeowners Association initially filed a
suit to foreclose on Polk=s home after Polk failed to pay her
homeowners association dues. Prior to this initial lawsuit by Southwest
Crossing, Polk had commenced bankruptcy proceedings and a stay was
imposed.  Despite the stay imposed by
Polk=s bankruptcy
proceedings, appellee DeLeon was able to purchase the property at a foreclosure
sale.  DeLeon then filed his own suit, a
forcible detainer action against Polk. 
In the third suit, which underlies this appeal, Polk sued Southwest
Crossing and DeLeon, along with others, seeking declaratory and injunctive
relief along with money damages.[1]  Polk contended the defendants violated the
automatic stay imposed by her bankruptcy proceedings and, as a consequence, the
foreclosure was improper.

The 268th District Court Transfers Polk=s Case

Polk filed her lawsuit in the 268th
District Court of Fort Bend County on July 29, 1999.  All defendant-appellees filed general
denials.  Later, Southwest Crossing filed
a Suggestion of Bankruptcy and requested that the 268th District Court stay its
proceedings until further order of the bankruptcy court.  Only very limited discovery[2]
occurred until late 2003.  








The last document filed by Polk was her
response to Southwest Crossing=s Request for
Admissions in 2001.  Importantly, Polk=s attorney, Mr.
Sandy Robinson, had moved from Houston and this document reflected his new
Alabama  address.  However, the record does not reflect that Mr.
Robinson notified the court of his new address until 2004.  In August of 2003, the bankruptcy court
lifted its stay to allow Southwest Crossing to resume the lawsuit filed in the
268th District Court.

At some point, the case was transferred
from the 268th District Court to the 400th District Court of Fort Bend
County.  Although the local rules of Fort
Bend County require a written order for such a transfer, the record does not
contain one, nor do any of the parties contend that such an order otherwise exists.   Despite the lack of a written transfer
order, the 400th District Court handled the remainder of Polk=s case. 

The 400th District Dourt Dismisses Polk=s Case

On December 29, 2003, appellees Parker
& Company, Vicki Ward and Dora Parker filed a Motion to Dismiss for Want of
Prosecution.  Appellees asserted the case
had been pending for over four years and that Polk had failed to take
affirmative action to secure an adjudication on the merits.  The 400th District Court submitted the motion
to dismiss without oral hearing on January 26, 2004.  In February of 2004, the 400th District Court
judge granted the motion and dismissed Polk=s case without
prejudice.  

Following the dismissal, the District
Clerk sent notices to each attorney of record, notifying them that the case had
been dismissed.  But Polk=s attorney, Mr.
Robinson, did not receive the first notice, which was sent to his former
Houston address.  The clerk mailed a
second notice to the attorney=s Alabama
address.  When Polk=s attorney became
aware of the dismissal, he filed a Notice of Change of Address along with a
Motion for Reinstatement.  The motion was
deemed overruled by operation of law. 
Polk then filed a motion for reconsideration and requested a
hearing.  The 400th District Court held a
hearing on Polk=s motion for reinstatement and signed an
order denying the motion on May 10, 2004.

Polk Appeals








On appeal, Polk raises four issues.  First, Polk contends the 400th District Court
lacked jurisdiction to dismiss her case because there was no written transfer
order as the local rules require. 
Second, Polk asserts the trial court abused its discretion by failing to
give her notice and an oral hearing regarding appellees= Motion to Dismiss
for Want of Prosecution.  Third, Polk
urges us to find that the trial court=s subsequent
hearing on her motion to reinstate failed to cure the lack of notice and a
hearing on the motion to dismiss. 
Fourth, Polk asserts the trial court abused its discretion when it
denied her motion to reinstate.  

Analysis

The 400th District Court Had Jurisdiction Over Polk=s Case

Polk initially urges us to find that the
lack of a written transfer order, which the local rules of Fort Bend County
require, deprived the 400th District Court of jurisdiction to decide Polk=s case.  Consequently, Polk argues the trial court=s order dismissing
her claim for want of prosecution was void. 
We disagree that the lack of a transfer order deprived the 400th
District Court of jurisdiction over Polk=s case.

Texas Rule of Civil Procedure 330(e)
allows district judges to transfer a case from one court to another.  Tex.
R. Civ. Proc. 330(e).  ABy force of Rule
330 the jurisdictions of [the district] courts and the functions of the judges
thereof have been integrated . . . .@  Harkness v. McQueen, 207 S.W.2d 676,
679 (Tex. Civ. App.CGalveston 1947, no writ).  Consequently, Polk does not have a protected
proprietary interest in having her case heard by a particular district judge. In
re Rio Grande Valley Gas Co., 987 S.W.2d 167, 173 (Tex. App.CCorpus Christi
1999, no pet.).  Counties may adopt local
rules to further govern the transfer of cases from one district court to
another if they are not inconsistent with Rule 330(e).  See Centennial Ins. Co. v. Commercial
Union Ins. Cos., 803 S.W.2d 479, 482 (Tex. App.CHouston [14th
Dist.] 1991, no writ) (A[N]o [] court in Texas is authorized or
empowered to enact or amend rules of civil procedure that would be inconsistent
with the rules promulgated by the supreme court.@); see also
Mayad v. Rizk, 554 S.W.2d 835, 837 (Tex. Civ. App.CHouston [14th
Dist.] 1977, writ ref=d n.r.e.) (stating local rules that
conflict with rules of civil procedure cannot be given effect).  Fort Bend County=s local rules
provide the following:








Any case may be transferred from one court to another by written
order of the judge of the court from which the case is transferred;
provided, however, that the transfer must be with the written consent of
the court to which the case is transferred.          

Fort Bend (Tex.)
Civ. Dist. Ct. Loc. R. 3.2.5 (emphasis added).

Polk correctly
points out that the transfer of her case did not comply with Fort Bend County=s local ruleCno written order
of the 268th District Court judge, or a written consent of the 400th District
Court judge, appears in the record. 
However, Polk provides no legal authority to support her contention that
the lack of a written transfer order deprived the 400th District Court of
jurisdiction.  If a district court
transfers a case that substantively does not qualify for transfer, the
court that receives the improperly transferred case lacks jurisdiction and the
error is reversible on appeal.  See In
re Rio Grande Valley Gas Co., 987 S.W.2d at 175B76 (finding local
rules did not authorize a unilateral transfer and holding that judge=s attempt to
effect such a transfer was void).  

But, a failure to
comply with the local rule=s procedural
requirements does not deprive a court of its jurisdiction.  See Garcia v. State, 901 S.W.2d 731,
732B33 (Tex. App.CHouston [14th
Dist.] 1995, writ ref=d) (finding trial court=s mistake, in
failing to file written transfer order, was a procedural mistake and did not
deprive the court of jurisdiction); see also Ex parte Bowers, 671 S.W.2d
931, 935B36 (Tex. App.CAmarillo 1984, no
writ) (holding untimely filed motion to transfer was procedurally
erroneous but that the procedural error did not deprive the court of
jurisdiction); see also Starnes v. Holloway, 779 S.W.2d 86, 96 (Tex.
App.CDallas 1989, writ
denied) (finding local rule was purely procedural, rather than jurisdictional,
in light of fact that rules of civil procedure allow judges to freely transfer
cases).  While the transferring and
receiving courts should have complied with their own local rules regarding the
transfer of cases, their failure to do so did not deprive the 400th District
Court of jurisdiction over Polk=s case.[3]  We overrule Polk=s first issue.








Polk Was Entitled to Notice and a
Hearing on the Motion to Dismiss

Polk asserts, in
her second issue, that the trial court=s failure to
provide notice that her case might be dismissed and an opportunity to be heard
requires reversal.  The rules of civil
procedure and due process require courts to provide litigants with notice and
an opportunity to be heard before the court dismisses the case.  Tex.
R. Civ. P. 165a (providing for notice and a hearing before a case is
dismissed); Villarreal v. San Antonio Truck & Equip., 994 S.W.2d
628, 630 (Tex. 1999) (requiring notice and an opportunity to be heard); Dispensa
v. Univ. State Bank, 987 S.W.2d 923, 926B27 (Tex. App.CHouston [14th
Dist.] 1999, no pet.) (same) (citing World-Wide Volkswagon Corp. v. Woodson,
444 U.S. 286, 291 (1980) and Armstrong v. Manzo, 380 U.S. 545, 552
(1965)).  However, as we explain below in
response to Polk=s third issue, any error in failing to
provide Polk with notice and a hearing was cured. Polk ultimately received
notice and an opportunity to be heard in connection with her motion for
reinstatement.  Therefore, she was not
harmed by the lack of notice and a hearing on the motion to dismiss.  See Jiminez v. Transwestern Prop. Co.,
999 S.W.2d 125, 128B29 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  Because Polk
cannot demonstrate any harm, Tex. R.
App. P. 44.1(a), we overrule her second issue.

The Subsequent Hearing Cured the
Failure to Provide Notice and a Hearing on the Motion to Dismiss








In her third
issue, Polk urges this court to find that the subsequent hearing on her motion
to reinstate did not cure the failure to provide notice and a hearing on
appellees= motion to dismiss.  Polk concedes we have already held that a
subsequent hearing on a party=s motion to
reinstate cures any error in failing to provide notice or to hold a hearing on
a previous motion to dismiss.  Jiminez,
999 S.W.2d at 129.  But Polk urges us to
carve an exception from this rule when, as in her case, the hearing on the
motion to reinstate is not held until after 75 days have elapsed from the trial
court=s signing of the
order of dismissal.  Because the trial
court retained plenary jurisdiction when it held the hearing on Polk=s motion to
reinstate, we decline to do so.  Id.
(finding due process satisfied when hearing on motion to reinstate was held at
a time when trial court had full control of the judgment).

As long as the
trial court had control of the judgment when it held the hearing on Polk=s motion to
reinstate, this satisfies Polk=s due process
rights applicable to the dismissal of her case. 
See id.  A verified motion
to reinstate extends the trial court=s plenary power to
the same extent as a motion for new trial. 
Id. (citing Macarangal v. Andrews, 838 S.W.2d 632, 633
(Tex. App.CDallas 1992, orig. proceeding)).  Polk filed her motion to reinstate on March
2, 2004, which is within the time frame Rule 165a requires.  Tex.
R. Civ. P. 165a(3) (requiring motion to reinstate to be filed within 30
days from date trial court signs the order of dismissal).  The motion to reinstate was deemed overruled
by operation of law 75 days later, on May 17, 2004.  Tex.
R. Civ. P. 165a(3).  Because Polk
timely filed her motion to reinstate, the trial court=s plenary power
continued to June 16, 2004, which was 30 days beyond the date Polk=s motion to
reinstate was deemed overruled by operation of law.  Tex.
R. Civ. P. 165a(3) (AIf a motion to
reinstate is timely filed . . . the trial court, regardless of whether appeal
has been perfected, has plenary power to reinstate the case until 30 days after
all such timely filed motions are overruled, either by a written and signed
order, or by operation of law, whichever occurs first.@).  The trial court held a hearing on Polk=s motion to
reinstate on May 10, 2004 while it still had control of the judgment;
therefore, under Jiminez, this hearing cured the lack of notice and
hearing on appellee=s motion to dismiss.  We overrule Polk=s third issue.

Denying Polk=s Motion to
Reinstate Was Not an Abuse of Discretion








Finally,
we turn to Polk=s fourth issue to determine whether the
trial court erred in denying Polk=s motion to
reinstate.  At the reinstatement hearing,
Polk received the same hearing with the same burden of proof she would have
received had there been a hearing on appellee=s motion to
dismiss.  Jiminez, 999 S.W.2d at
129 (citing State v. Rotello, 671 S.W.2d 507, 508 (Tex. 1984)).  We review a trial court=s decision on a
motion to reinstate for an abuse of discretion. 
Id. (citing City of Houston v. Malone, 828 S.W.2d  567, 568 (Tex. App.CHouston [14th
Dist.] 1992, no writ)).  

A trial court abuses
its discretion when it acts arbitrarily or without reference to guiding rules
and principles.  Id.  (citing Morrow v. H.E.B., Inc., 714
S.W.2d 297, 298 (Tex. 1986)).  In this
case, neither the order of dismissal nor the order denying reinstatement specified
the grounds on which they were based. 
Polk did not request findings of fact and conclusions of law and the
trial court did not make them. 
Therefore, we will uphold the trial court=s decision if any
theory of law applicable to the case has support in the evidence.  Vickery v. Comm=n for Lawyer
Discipline, 5 S.W.3d 241, 252 (Tex. App.CHouston [14th
Dist.] 1999,  pet. denied) (citing Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990)).  AThe trial court=s authority to
dismiss for want of prosecution stems from two sources: (1) Rule 165a of the
Texas Rules of Civil Procedure, and (2) the court=s inherent power.@  Villareal, 994 S.W.2d at 630.[4]  Appellees= motion to dismiss
raised both sources and we must affirm if we find either source would have
authorized the trial court to dismiss Polk=s case.

The trial court
could not properly dismiss under rule 165a.








The trial court
can dismiss under Rule 165a in two circumstancesCif a party fails
to appear for a hearing or trial of which the party had notice, or if the case
is not disposed of within the time standards promulgated by the Texas Supreme
Court.  Tex.
R. Civ. P. 165a(1), (2).  Under
Rule 165a, the court must dismiss unless good cause is shown for the case to be
maintained.  Tex. R. Civ. P. 165a(1). 
The trial court should reinstate the case if it finds the party or the
party=s attorney=s failure Awas not
intentional or the result of conscious indifference but was due to an accident
or mistake or that the failure has been otherwise reasonably explained.@  Tex.
R. Civ. P. 165a(3).  

Because Polk and
her attorney did not have notice of the prospect of dismissal, a dismissal
under Rule 165a would only be proper for failing to comply with the time
standards promulgated by the Texas Supreme Court.  Rule 6 of the Judicial Rules of
Administration requires judges to ensure, so far as reasonably possible, that
civil non-jury cases are brought to trial or final disposition within 12 months
from appearance date, and that civil jury cases are brought to trial or final
disposition within 18 months from appearance date.  Tex.
R. Jud. Admin. 6.  Polk=s case had not
been brought to trial or disposition for almost five years from the defendants= appearance
dates.  Therefore, the trial court did
not abuse its discretion in granting appellees= motion to
dismiss.  

However, at the
motion for reinstatement, Polk=s attorney=s stated that the
failure to prosecute the case was a result of his move from Houston to Alabama,
and not intentional or the result of conscious indifference.  This is the type of accident or mistake
contemplated by Rule 165a and, if failure to comply with the time standards set
forth in the judicial rules of administration were the sole reason for
dismissal, Rule 165a would require the trial court to reinstate the case.  See Mayad, 554 S.W.2d at 838 (holding Craddock standard
should be used for Rule 165a); Ferguson & Co. v. Roll, 776 S.W.2d
692, 698 (Tex. App.CDallas 1989, no writ) (finding loss of
lawsuit papers was an accident or mistake and not the result of an intentional
act or conscious indifference).  However,
in the absence of a statement to that effect by the trial court, either in the
order of dismissal, the order denying reinstatement, or conclusions of law, we
cannot presume that was the reason. 
Instead, we turn now to whether the court=s inherent
authority permitted dismissal.

The trial court=s inherent
authority permitted dismissal








As mentioned
previously, Polk has not negated the possibility that the trial court dismissed
her case and denied reinstatement based on its inherent authority.  When the court relies on its inherent
authority to dismiss a case, the trial court may dismiss the case if it has not
been prosecuted with due diligence.  Villareal,
994 S.W.2d at 630; Jiminez, 999 S.W.2d at 129 (citing Rotello,
671 S.W.2d at 509).  AIn determining
whether a party has demonstrated a lack of diligence in prosecuting a claim, a
trial court may consider the entire history of the case, including the length
of time the case was on file, the extent of activity in the case, whether a
trial setting was requested, and the existence of reasonable excuses for delay.@  Id. 
Polk=s case was filed in 1999 and was on file
nearly five years before it was dismissed.[5]  No discovery occurred after 2001.  The record does not reflect that Polk ever
requested a trial setting and the only excuse offered for the delay was that
Polk=s attorney forgot
about the case after he moved to Alabama. 
Under these facts, we cannot say the trial court abused its discretion
in denying Polk=s motion to reinstate.  Because the trial court could have properly
dismissed Polk=s case and denied her motion to reinstate
under its inherent power, we overrule Polk=s final issue.

Conclusion

The 400th District
Court had jurisdiction over Polk=s case.  Any error in failing to provide Polk with
notice and a hearing on the motion to dismiss was cured by the subsequent
hearing on Polk=s motion to reinstate.  The trial court did not abuse its discretion
when it denied Polk=s motion to reinstate after granting
appellees= motion to dismiss.  Because we have overruled all of Polk=s issues, we
affirm the judgment of the trial court.

 

/s/      Wanda McKee Fowler

Justice

Judgment rendered and Opinion filed April 12, 2005.

Panel consists of Chief Justice Hedges and Justices Fowler
and Frost.











[1]  In addition to
declaratory and injunctive relief, Polk alleged negligence, negligent
misrepresentation, wrongful foreclosure, civil conspiracy, and violations of
the Deceptive Trade Practices Act and Texas Finance Code.





[2]     The record
contains defendant-appellees= requests for admissions and Polk=s responses to one set of requests for admissions.





[3]  Had Polk
complained in the trial court about the improper transfer, our answer might
have been different, but Polk failed to raise this issue before submitting to
the 400th District Court=s jurisdiction. 
See Garcia, 901 S.W.2d at733 (finding the failure to timely file
a plea to the jurisdiction waives a complaint that there is no transfer order,
and, further finding that later complaints about the court=s jurisdiction could not preserve error if appellant
had already appeared and submitted to the court=s
jurisdiction) (citing Daniels v. State, 171 Tex. Crim. 596, 352 S.W.2d
267, 268 (1961)); see also Davis v. Davis, No. 13-01-707-CV, 2003 WL
21355239, *1 (Tex. App.CCorpus Christi 2003, no pet.) (not designated for
publication) (finding any error in transfer of case without proper motion was
waived by failure to make a timely plea to the jurisdiction).  Polk filed a motion for reinstatement in the
400th District Court in early March of 2004. 
This motion contained no complaints about the lack of a transfer order
or the trial court=s purported lack of jurisdiction.  From the record, it appears Polk first
suggested the improper transfer deprived the court of jurisdiction in her
motion for reconsideration, which was filed in May of 2004.  





[4]  These two
sources of authority provide three potential vehicles for a trial court to
dismiss a case for want of prosecutionCtwo are
provided for in Rule 165a and the third is the trial court=s inherent authority. 
See 3V, Inc. v. JTS Enters, Inc., 40 S.W.3d 533, 541 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (listing the three
circumstances when a trial court may dismiss for want of prosecution and
stating the authority for these dismissals is derived from Rule 165a and the
court=s inherent power to manage its own docket).





[5]  Although
appellees filed a suggestion of bankruptcy in this lawsuit, automatically
staying the case, and Polk=s bankruptcy proceedings were not dismissed until
August of 2003, Polk still could have prosecuted her suit.  This is so because Polk initiated this
lawsuit and a plaintiff involved in bankruptcy proceedings can still prosecute
the lawsuit.  MacGregor v. Rich,
941 S.W.2d 74, 76 n.1 (Tex. 1997) (per curium) (AAn
automatic stay under federal law applies to suits and claims brought against
a bankruptcy debtor, but not to claims brought on the debtor=s behalf.@)
(citing 11 U.S.C. ' 362).